# CHICAGO DOCK AND CANAL COMPANY *v.* FRALEY, AS ADMINISTRATRIX OF CLAFFY.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 286.   Argued May 2, 1913.—Decided May 26, 1913.

Police legislation cannot be judged by abstract or theoretical comparisons, but it must be presumed to have been induced by actual experience. Even if disputable or crude it may not violate the Fourteenth Amendment.

One who is not discriminated against cannot attack a police statute of the State because it does not go farther; and if what it enjoins of

one it enjoins of all others in the same class, that person cannot·complain on account of matters of which neither he nor any of his class are enjoined.

The Constitution of the United States does not require that all state laws shall be perfect, nor that the entire field of proper legislation shall be·covered by a single enactment. *Rosenthal* v. *New York*, 226 U. S. 260.

There may be different degrees of danger in construction of buildings and a classification based upon such degree as the legislature of the State determines may be proper, and so that the classification·does not violate the equal protection provision of the Fourteenth Amendment. *Mutual Loan Co.* v. *Martel*, 222 U. S. 225.

The statute of Illinois providing for protecting elevating and hoisting machinery in buildings under construction is not unconstitutional as denying equal protection of the law; nor is the classification as to different methods of protecting different classes of buildings, both as to location in cities and villages and as to nature of·use of buildings, based on too fine and minute distinctions. It is within the power of the legislature to determine such distinctions if all in the same situation are treated alike.

Even if some provisions of a statute are unconstitutional, if they do not affect plaintiff in error this court is not concerned with them and cannot declare the whole statute unconstitutional as inseparable.

249 Illinois, 210, affirmed.


THE facts, which involve the constitutionality, under the equal protection clause of the Fourteenth Amendment, of provisions of an Illinois statute in regard to the protection of hoists and elevators in buildings under construction, are stated in the opinion.


*Mr. Morse Ives* for plaintiff in error:

Section 7 of the act violates the equal protection clause of the Fourteenth Amendment because the classification it seeks to make is according to minute rather than general distinctions. *Mondou* v. *N. Y., N. H. & H. R. R. Co.*, 223 U. S. 1.

It does not bring within its purview all those who are in substantially the same situation or circumstances. *C.*,

*M. & St. P. Ry. Co.* v. *Westby*, 178 Fed. Rep. 619, 624, and cases there collected; *Lipman* v. *People*, 175 Illinois, 101, 107.

In fact, as construed by the Supreme Court of Illinois, the act does not protect any man at the place where he works, but does protect some men at places where they do not work.

According to that court's construction, the test is the use of a particular hoistway in a particular manner, for elevating materials to be used for a particular purpose. The lifting of the same materials, elevated in the same quantities in another hoistway, either in a different manner and for the same purpose or in the same manner but for a different purpose is not condemned.

This classification is entirely unnatural and wholly arbitrary, and therefore invalid. *Nicoll* v. *Ames*, 173 U. S. 509, 521; *Gulf, C. & S. F. Ry. Co.* v. *Ellis*, 165 U. S. 150, 165; *State* v. *C., B. & Q. R. R. Co.* (Mo.), 125 S. W. Rep. 28, 30, 31; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 541, 564, and cases cited *supra*.

But even if § 7 be held to be constitutional, other sections of the act are unconstitutional and the whole legislative scheme must fall, and § 7 cannot stand by itself. *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 565; *Matthews* v. *People*, 202 Illinois, 389, 406; *Chicago* v. *Burke*, 226 Illinois, 191, 203.

*Mr. James C. McShane,* for defendant in error, submitted:

The statute in question is remedial in its nature and should not be strictly construed. *Johnson* v. *So. Pac. R. Co.*, 196 U. S. 1.

While the act is designed for the protection and safety of persons, in and about the construction, repairing, alteration, or removal of buildings, bridges, viaducts, and other structures, still it is not necessary that the act should

cover the entire field of dangers to which such persons are exposed. The question here is one of power of the legislature to enact legislation of this class, and this court should not be concerned with mere matters of policy or wisdom of such legislation. *Rosenthal* v. *New York*, 226 U. S. 260; *C., B. & Q. R. R. Co.* v. *McGuire*, 219 U. S. 549 (569).

Employers' liability laws, relating to railroads, and even as covering all employés of railroads, whether engaged in hazardous occupations or not, have been held constitutional by this court, and the classifications therein made, proper. *Louisville & N. Ry. Co.* v. *Melton*, 218 U. S. 36; *Mobile &c. R. Co.* v. *Turnipseed*, 219 U. S. 35, 44; *Aluminum Co.* v. *Ramsey*, 222 U. S. 251, 256; *Mo. Pac. Ry. Co.* v. *Castle*, 224 U. S. 541, 546; *Mondou* v. *N. Y., N. H. & H. R. Co.*, 223 U. S. 1.

Even if § 7 be held to apply only to hoists and elevators within a building, or even if subject to other criticisms made by counsel for plaintiff in error, such discriminations have a reasonable basis and are, therefore, not contrary to the Fourteenth Amendment. *Quong Wing* v. *Kirkendall*, 223 U. S. 59, 65; *American Sugar Co.* v. *Louisiana*, 179 U. S. 89; *Central Lumber Co.* v. *South Dakota*, 226 U. S. 157; *Cargill Co.* v. *Minnesota*, 180 U. S. 452.

The provisions of § 6, even if held to be limited to such buildings within cities as are mentioned in this section, are not, on that account, unreasonable. *Chicago* v. *Sturgis*, 222 U. S. 313.

But if this section of the act should be held unconstitutional, if so limited to buildings in cities, then, in order to save the constitutionality of the section, it would be proper to construe the section as not so limited.

Sections 2 and 3 of the act are not unconstitutional because they except from its provisions "a private house used exclusively as a private residence." *Arms* v. *Ayer*, 192 Illinois, 601.

Even if some of the sections of the act, other than § 7, should be held unconstitutional, yet if § 7 is constitutional, it is separable from the others, and the others are so separated from the act as a whole, that § 7, and the act, as a whole, are valid. *C., B. & Q. R. R. Co.* v. *Jones*, 149 Illinois, 387.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This writ of error is directed to review a judgment of the Supreme Court of the State of Illinois, affirming a judgment in an action brought by Gertrude V. Claffy, against plaintiff in error for the violation of § 7, of a statute of the State entitled "An act providing for the protection and safety of persons in and about the construction, repairing, alteration or removal of buildings, bridges, viaducts and other structures, and to provide for the enforcement thereof." Laws of 1907, p. 312.

Section 7 reads as follows:

"If elevating machines or hoisting apparatus are used within a building in the course of construction for the purpose of lifting materials to be used in such construction, the contractors or owners shall cause the shafts or openings in each floor to be inclosed or fenced in on all sides by a substantial barrier or railing at least eight feet in height. . . ."

Section 9 gives a right of action for a wilful violation of or failure to comply with any provisions of the act to the person injured or, in case of loss of life, to his widow, lineal heirs, adopted children or persons dependent upon him, for damages so sustained.

Gertrude V. Claffy, widow of Charles F. Claffy, brought suit against plaintiff in error and one Henry Erickson for causing the death of her husband through violation of the act. The defendants filed separate demurrers to the

declaration, which were overruled. An additional count was filed by the plaintiff in the action which set out with detail the cause of action. The defendants answered and, upon a trial to a jury, a verdict of $10,000 was returned against defendants. A new trial was granted as to Erickson, and $2500 of the amount found remitted and a judgment entered against plaintiff in error here for the sum of $7500. It was sustained by the Supreme Court of the State. Subsequently, Gertrude V. Claffy having died, her administratrix, defendant in error here, was substituted as appellee in the Supreme Court.

The facts are these: Plaintiff in error was the owner of a large building in the course of construction in Chicago, and Erickson was the contractor for its erection. The deceased was employed by the plumbing contractor, and, in the course of his employment, was working in the building.

In the building there was an elevator or hoist, operated through a shaft or opening, for the purpose of lifting materials to be used in the construction of the building. It was not inclosed or fenced in as required by § 7 of the act. Deceased was at work upon a pipe immediately alongside of the shaft and accidentally fell into and down through it a distance of six stories.

The contention of plaintiff in error is here, as it was in the state courts, that §§ 7 and 9 of the act violate the Fourteenth Amendment to the Constitution of the United States in that they deny to him the equal protection of the laws. He specifies as grounds of his contention that the classification of the statute is based upon minute rather than general distinctions, that it does not bring within its purview all of those who are in substantially the same situation and circumstances in that it distinguishes between openings required for hoisting or lowering materials to be used in construction and stairways and elevator shafts. Section 7, counsel says, "requires that but one of these classes be barricaded, namely, those openings used

for hoisting materials to be used in construction." And, asserting the purpose of the act to be to protect those lawfully on the premises against danger from falling materials, he adds, "that in a case like this use cannot be made the test. Danger is the thing," and hence concludes that the classification of the statute, not having relation to its purpose, is arbitrary.

That danger is the test may be conceded, but there may be degrees of it, and a difference in degree may justify classification. *Mutual Loan Co.* v. *Martel*, 222 U. S. 225, 236. Who is to judge of the danger, whether absolutely considered or comparatively considered? Is it a matter of belief or proof? If of belief, we should be very reluctant to oppose ours to that of the legislature of the State, informed no doubt by experience of conditions and fortified by presumptions of legality and confirmed, besides, by the opinion of the Supreme Court of the State. *Laurel Hill Cemetery* v. *San Francisco*, 216 U. S. 358, 365; *Adams* v. *City of Milwaukee, ante*, p. 572. If of proof, there is none in the record. There are assertions by counsel, and considering alone the openings necessary for hoisting machinery and the openings for stairs and other openings, an employé or materials can be imagined as falling through one of them with the same ease as he or the materials can through the others. But other things must be taken into account. The setting of the openings must be considered, the varying relations of the employés to them, and other circumstances. The legislation cannot be judged by abstract or theoretical comparisons. It must be presumed that it was induced by actual experience, and New York, it is said, has been induced by a like experience to enact like legislation. If it be granted that the legislative judgment be disputable or crude, it is notwithstanding not subject to judicial review. We have said many times that the crudities or even the injustice of state laws are not redressed by the Fourteenth Amendment.

The law may not be the best that can be drawn nor accurately adapted to all of the conditions to which it was addressed. It may be that it would have been more complete if it had gone farther and recognized and provided against the danger that all uninclosed openings in a building might cause, and should not have distinguished between hoists inside of a building and those outside; but we do not see how plaintiff in error is concerned with the omissions. It is not discriminated against. All in its situation are treated alike. What the statute enjoins it enjoins not only of plaintiff in error but of all similarly situated. What it does not enjoin plaintiff in error cannot complain of. "The Constitution does not require that all state laws shall be perfect, nor that the entire field of proper legislation shall be covered by a single enactment." *Rosenthal* v. *New York*, 226 U. S. 260, 271.

Counsel attacks other sections of the statute "to show," as he says, that "the whole scheme of the statute is based upon those 'minute distinctions' condemned in the *Mondou* and *Ellis Cases* (223 U. S. 1; 165 U. S. 150) and, secondly, to demonstrate, if we can, that, as we urged in the state court, so much of the act is unconstitutional that all must fall." The state court did not yield to the contention nor its asserted consequences. Nor can we yield to it. Its foundation is based on the distinction made between buildings in cities and buildings in villages (§ 6); the distinction between houses exclusively for private residences and other constructions as to the strength of the supports for joists (§§ 2 and 3); the distinction between the protection required for men working upon swinging and stationary scaffolds used in the construction, alteration, repairing, removing, cleaning or painting of buildings and that given to advertising agents. (Sections 1 and 5.) Sections 2 and 3 must fall, it is contended, because of the exception of private residences; § 6, because of its limitations to cities; §§ 1 and 5, because they discriminate be-

tween the indicated classes. It is enough to say of these contentions—(1) of the asserted discrimination in §§ 1 and 5, plaintiff in error cannot complain and, so far as it is made a criticism of the statute, we are not concerned with it; (2) of the distinction made by the other sections, they are within the power of classification which the legislature possesses.

*Judgment affirmed.*