(No. 36078.

ANNA L. BRYNTESEN, Appellant, *vs*. CARROLL CONSTRUCTION COMPANY, Appellee.

*Opinion filed March 29, 1961.—Rehearing denied May 17, 1961.*

PEABODY, WESTBROOK, WATSON & STEPHENSON, of Chicago, (LOWELL H. JACOBSON, LAWRENCE P. HICKEY, and BURTON H. YOUNG, of counsel,) for appellant.

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, of Chicago, (DAVID JACKER, and WILLIAM H. SYMMES, of counsel,) for appellee.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

John Bryntesen, a welder's helper, was killed when he fell from a scaffold while working on the construction of a high school building at Libertyville. His widow brought

this action in the circuit court of Cook County against Carroll Construction Co., the general contractor, under section 9 of the Structural Work Act, also referred to as the "Scaffold Act." (Ill. Rev. Stat. 1959, chap. 48, par. 69.) Judgment was entered on a verdict for the plaintiff but was reversed by the Appellate Court, First District, on the ground that the action was barred by a former adjudication. (26 Ill. App. 2d 307.) We granted leave to appeal.

The earlier action, which was held by the Appellate Court to bar the present one, was brought in the circuit court of Lake County by the decedent's daughter, as administratrix of his estate, against the present defendant, Carroll Construction Company, and its subcontractor, Hansell-Elcock Company. The complaint recited that the action was brought pursuant to the Injuries Act (Ill. Rev. Stat. 1959, chap. 70, pars. 1, 2) and the Scaffold Act. It set forth passages of the Scaffold Act and alleged that "the knowing and wilful failure" of the defendants to comply with that act caused the decedent's death. Although it alleged that the decedent was "in the exercise of due care," it did not allege negligence on the part of the defendants.

The case was tried to a jury, and the unusual nature of the complaint was discussed in chambers at the close of the evidence and before the jury was instructed. Plaintiff's attorney made an oral motion to amend the introductory paragraph of the complaint to add the names of the widow and the surviving children as parties plaintiff. What then occurred was thus described by the Appellate Court: "The court thereupon inquired of counsel for plaintiff: 'What are you doing so far as the administrator is concerned' and counsel for plaintiff replied: 'I am pleading in the alternative. I would rather not strike that.' The court then said: 'You will have her in as administrator and also individually, is that right?' and counsel replied in the affirmative. After an objection was made by counsel for defendants, counsel for plaintiff then stated that this action was brought under

the Wrongful Death Act and also the Scaffold Act and that he desired to strike the *ad damnum* clause of $20,000 and substitute therefor the sum of $40,000 and strike the allegation of due care from the complaint. The court denied the oral motion in so far as it sought to change the designation of the plaintiff as requested but stated that the motion of the plaintiff to strike the allegation of due care would be allowed. Thereupon, counsel for plaintiff stated: 'I will leave it in then.' " (14 Ill. App. 2d at 209.) The case was then submitted to the jury upon instructions which required plaintiff to prove both wilful violation of the Scaffold Act and decedent's due care. Judgment was entered on the jury's verdict for the defendants.

Both the widow, as a party aggrieved by the judgment, (Ill. Rev. Stat. 1959, chap. 110, par. 74,) and the administratrix appealed from this judgment to the Appellate Court, Second District. They joined in a single brief which argued (1) that the trial court "erred in denying plaintiff's motion to amend the complaint and add the proper parties plaintiff" and that the Appellate Court should allow those parties to be added in that court; (2) that the trial court "erred in instructing the jury that the plaintiff must prove that decedent and his next of kin were in the exercise of due care," and (3) that the verdict was "against the manifest weight of the evidence." They asked that the Appellate Court allow "the amendment adding the proper parties plaintiff and reverse the judgment of the trial court and enter judgment in favor of Plaintiff as to the Defendant's liability and remand to the trial court for the ascertainment of damages only under the terms of Rule 68.2 of the Civil Practice Act, [sic] or in the alternative, that this case be reversed and remanded for a new trial."

The Appellate Court for the Second District affirmed the judgment for the defendants, and the Appellate Court for the First District held that the present action by the widow is therefore barred. The correctness of that hold-

ing depends upon what was determined in the first case. We have no doubt that the present plaintiff, the widow, presented upon the first appeal a case that could have resulted in a judgment which would have barred her present action. She urged that the complaint showed unmistakably that relief was sought for a violation of the Scaffold Act, that she should be substituted as plaintiff and the presence of the administratrix as a party should be disregarded as surplusage, and that the evidence established that she was entitled to recover under the Scaffold Act. She prayed that the Appellate Court enter a judgment that would establish the liability of the defendants to her, and remand the case for the ascertainment of damages.

But we do not read the opinion of the Appellate Court in the first case as passing upon the merits of the widow's claim. The opinion pointed out that if it was counsel's intention to state a cause of action under the Structural Work Act, the administratrix was not a proper party plaintiff because section 9 of that Act "gives a right of action in case of death by reason of a wilful violation of the provisions of that Act to the widow of the person so killed." It disposed of the asserted error in denying the motion to add parties upon the grounds that the materiality of the proposed amendment was not apparent, that no proposed amendment was presented to the court, and that the trial court did not abuse its discretion in denying it. "Had the complaint been amended as counsel desired," the opinion stated, "it would not have been a good complaint based on the Structural Work Act." 14 Ill. App. 2d at 211.

With respect to the alleged error in instructing the jury that the plaintiff had the burden of proving the decedent's due care, the court pointed out that the plaintiff's attorney expressly stated that he had no objection to that instruction. The opinion did not discuss the contention that the verdict for the defendants was against the weight of the evidence. It concluded, "It is useless to speculate what the verdict of

the jury might have been had the proper party plaintiff sought a recovery under the Structural Work Act and the jury [been] instructed upon the issues made under such a complaint and answer." 14 Ill. App. 2d at 213.

It has been pointed out that "Many, if not most *res judicata* cases are the result of a procedural error on the part of counsel." (Cleary, *Res Judicata* Re-examined, 57 Yale L.J. 339, 349.) Under the existing statutory scheme, the right of action in case of death may be in the personal representative of the deceased, or in the widow. (Ill. Rev. Stat. 1959, chap. 70, pars. 1, 2; chap. 48, par. 69.) The same kind of statutory interplay existed between the Injuries Act and the Coal Mining Act until 1911, when the latter statute was amended to place the right of action in the personal representative. (See *McFadden* v. *St. Paul Coal Co.* 263 Ill. 441; cf. Ill. Rev. Stat. 1959, chap. 93, par. 10.07.) But the statutory situation did not justify the confused complaint that was originally filed in the first case. That complaint did not assert alternative rights of action, and as the Appellate Court pointed out, the proposed amendment made no change in the body of the complaint, so that if it had been allowed it would only have led to more confusion.

We conclude that the right of the present plaintiff to recover for a wilful violation of the Structural Work Act was not adjudicated in the first case, despite the persistent, but misguided, efforts of the plaintiff's counsel to have that right adjudicated. So far as the Structural Work Act aspects of the first case are concerned, the final judgment was that the action was not brought by the proper party, and that is not a judgment on the merits. (*People ex rel. Porter* v. *Minnie Creek Drainage Dist.* 311 Ill. 228.) The cause must therefore be remanded to the Appellate Court, First District, with directions to pass upon the other questions raised upon the appeal to that court.

*Reversed and remanded, with directions.*