Rose MITSEFF, individually and as parent and next best friend of Karen Mitseff and Kenneth J. Mitseff, minors, Plaintiffs,

v.

ACME STEEL COMPANY, a corporation and La Salle Construction Company, a corporation, Defendants.

ACME STEEL COMPANY, a corporation, Third Party Plaintiff,

v.

Charles T. KNOWE and Madeleine B. Knowe, individually and d/b/a Peter Knowe & Sons, Third Party Defendants.

No. 59 C 1910.

United States District Court
N. D. Illinois, E. D.

Sept. 14, 1962.

Epton, Scott, McCarthy & Bohling, Chicago, Ill., for plaintiff.

Jacobs & McKenna, Chicago, Ill., for Acme Steel Co., defendant and third-party plaintiff.

Peterson, Lowry, Ball, Barber & Ross, Chicago, Ill., for La Salle Construction Co., defendant.

Albert M. Howard and Howard, Howard & Hofert, Chicago, Ill., for Charles T. Knowe and Madeleine B. Knowe, individually and d/b/a Peter Knowe & Sons, third-party-defendants.

Ross, Kralovec & Sweeney, Chicago, Ill., for U. S. Fidelity & Guaranty Co., intervenor.

806

WILL, District Judge.

This is a diversity action brought under section 1332(a) (1) of Title 28 United States Code, by the widow and minor children, Indiana citizens, of Carl J. Mitseff, deceased. At the time of his death, decedent was employed by Charles T. and Madeleine B. Knowe, Illinois citizens and impleaded third party defendants, who do business as Peter Knowe & Sons. Peter Knowe & Sons, and decedent its employee, were at the time in question engaged in construction work on premises located in Illinois and owned by defendant Acme Steel Co., an Illinois corporation, when allegedly an oil-burning salamander, located on a scaffold immediately above decedent's scaffold, overturned causing burning oil to fall upon decedent which resulted in his death. Acme Steel Co. had hired defendant La Salle Construction Co., an Illinois corporation, to be the general contractor as to this work, and La Salle Construction Co. had sub-contracted a portion of the work to Peter Knowe & Sons.

Plaintiffs allege that defendants violated certain safety provisions of the Illinois Structural Work Act, Ill.Rev.Stat. ch. 48, Secs. 60–69 (1961) (commonly known, and hereinafter referred to, as the Scaffolding Act), and that decedent's death occurred as a direct result of these violations. Plaintiffs assert their right to recover based on section 9 of the Scaffolding Act which, in that part relevant to this decision, reads as follows:

"For any injury to person or property, occasioned by any wilful violations of this act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any *direct damages* sustained thereby; and in case of loss of life by reason of such wilful violation or wilful failure as aforesaid, a right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children, or to any other person or persons who were, before such loss of life, dependent for support on the person or persons so killed, for a *like recovery of damages* for the injuries sustained by reason of such loss of life or lives." (Emphasis supplied.)

Plaintiffs demand $250,000 damages for the allegedly wrongful death of their husband and father respectively. Defendants' answer asserts, *inter alia*, that plaintiffs' claim should be limited to a maximum of $30,000, the limitation imposed by section 2 of the Illinois Wrongful Death Act, Ill.Rev.Stat. ch. 70, sec. 2 (1961). Plaintiffs deny that section 9 of the Scaffolding Act incorporates by reference the dollar limitation of the Wrongful Death Act. There appear to be no Illinois decisions dispositive of the question.

Pursuant to agreement of the parties, the question of whether the $30,000 limitation of the Wrongful Death Act has been incorporated into the Scaffolding Act has been submitted on briefs for preliminary determination by the Court.

Defendants concede, as they must, that section 9 of the Scaffolding Act nowhere explicitly mentions either the Wrongful Death Act limitation on damages or any other dollar limitation. But defendants reason that the words "like recovery of damages" mean damages limited to those which could have been recovered had an action been brought under the Wrongful Death Act rather than under the Scaffolding Act. Defendants further contend that if the statute permits a construction worker's widow to recover more for a wrongful death than may be recovered by the widow of any other laborer (or, for that matter, more than any other widow may recover), the statute is violative of the Equal Protection clause of the 14th Amendment to the United States Constitution.

The Scaffolding Act was first passed in 1907 (Laws 1907, p. 312). That part of the original statute here relevant then read precisely as the present statute quoted supra. In 1899, the Illinois Mines and Miners Act, Ill.Rev.Stat. ch. 93, secs. 1.01–37.04 (1961), was first passed. Laws 1899, p. 300. Section 33 of the

1899 statute read, in pertinent part, as follows:

"For any injury to person or property, occasioned by any willful violations of this act, or willful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby; and, in case of loss of life by reason of such willful violation or willful failure as aforesaid, a right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children, or to any other person or persons who were, before such loss of life, dependent for support on the person or persons so killed, for a like recovery of damages for the injuries sustained by reason of such loss of life or lives, *not to exceed the sum of five thousand dollars.*" (Emphasis supplied.)

That section was amended in 1907 (Laws 1907, p. 396) to increase the maximum damages to $10,000 and to impose a one year statute of limitations.

■■ It will be noted that with the exception of the last phrase limiting the amount of dollar recovery, the language of the Scaffolding Act and of the earlier Mines and Miners Act is identical. The only reasonable inference is that the Scaffolding Act was copied from the Mines and Miners Act but that the limitation on the amount of recovery contained in the earlier law was omitted. This omission must be presumed to have been intended. Cf. Johnson v. Casper, 1954, 75 Idaho 256, 270 P.2d 1012, 1015. Accordingly, it seems clear that the Legislature which first passed the Scaffolding Act intended no dollar limitation to be placed on death actions brought by widows of construction workers. Since the statute has never been materially amended in this respect, it seems equally clear that no dollar limitation exists today.

Defendant Acme Steel Co. contends that "the language 'like recovery of damages' had been meant to link the limitation of the Wrongful Death Act to the Mines and Miners Act—'like recovery' meant like unto Wrongful Death recovery." (Brief, p. 5.) It is true that in 1907, the limitation of $10,000 in the Mines and Miners Act was identical with the Wrongful Death Act limitation then existing (Laws 1903, p. 217). However, these two limitations have not always been identical and are not at the present time. Today, for example, the limitation in the Mines and Miners Act is $20,000 (Ill.Rev.Stat. ch. 93, sec. 10.07 (1961)), whereas the limitation in the Wrongful Death Act is $30,000 (Ill.Rev. Stat. ch. 70, sec. 2 (1961)). If, as is obvious, the words "like recovery" as used in the Mines and Miners Act do not mean "like unto Wrongful Death recovery," it must follow that the same words in the later Scaffolding Act cannot mean "like unto Wrongful Death recovery."

The proper interpretation of the phrase "a like recovery of damages" as used in the Scaffolding Act, would appear to be that in the event of death rather than injury by virtue of a violation of the act, the same measure of damages applicable in the event of injury, i.e. "any direct damages sustained thereby" is to be applied. Cf. O'Fallon Coal Co. v. Laquet, 1902, 198 Ill. 125, 127–128, 64 N.E. 767, 768.

■ It may be noted in passing that, although apparently under some circumstances, suit may be brought under either the Scaffolding Act or the Wrongful Death Act, Bryntesen v. Carroll Constr. Co., 1961, 22 Ill.2d 63, 174 N.E.2d 172, the two statutes have many substantial differences.

■ Under the former, only the widow, lineal heirs, adopted children or other dependents have the right to bring suit while under the latter only the personal representative may sue. Bryntesen v. Carroll Constr. Co., supra. Under the Scaffolding Act, contributory negligence is no defense, Schultz v. Henry Ericsson Co., 1914, 264 Ill. 156, 106 N.E. 236; under the Wrongful Death Act it is a complete bar to recovery, McCormick v. Kopmann, 1959, 23 Ill.App.2d 189, 161 N.E.2d 720.

**808**

Each of the widow, lineal heirs, adopted children or other dependents has a separate cause of action under the Scaffolding Act whereas there is a single cause of action in the personal representative under the Wrongful Death Act with specific provision for the division and distribution of any recovery.

It is obvious, therefore, that the legislature intended no correlation between the two statutes and no persuasive reason is apparent why the dollar limitation of the Wrongful Death Act should be read into the Scaffolding Act.

Defendants contend further that to allow the construction worker's widow to recover more than any other widow would be arbitrary and unconstitutional. Defendants concede that the statute represents an exercise of police power designed to minimize the risk of injury or death in a hazardous industry, but argue that the concern of the Legislature was protection of the construction worker and not of his widow.

The constitutionality of the Scaffolding Act, and its allegedly arbitrary classifications, was upheld by the United States Supreme Court almost fifty years ago. Chicago Dock & Canal Co. v. Fraley, 1913, 228 U.S. 680, 33 S.Ct. 715, 57 L.Ed. 1022 affirming Claffy v. Chicago Dock & Canal Co., 1911, 249 Ill. 210, 94 N.E. 55.

There is no constitutional requirement that all statutory death recoveries be subject to uniform limitations. As already indicated, there is a substantial disparity between the $20,000 limitation of the Mines and Miners Act and the $30,000 limitation of the Wrongful Death Act.

The wisdom of such disparities or of a statutory scheme which singles out widows of construction workers and gives to them unlimited death action damages while denying the same to widows whose husbands' deaths occur as a result of violations of other statutes, e. g. the Liquor Control (Dram Shop) Act, $20,000 maximum (Ill.Rev.Stat. ch. 43, sec. 135 (1961)); the Mines and Miners Act, supra; the Workmen's Occupational Diseases Act, $13,500 maximum to a widow without children and up to $4,000 additional for a widow with children (Ill.Rev.Stat. ch. 48, sec. 172.42(a) (1961)), is for the legislature not the courts to determine. The Scaffolding Act was written without a dollar limitation, and whether intentionally or through oversight, none has ever been added. This Court is without authority to write such a limitation into the statute.

An order consistent with the above will be entered.