ARNOLD SCHWECHTER *et al.*, Plaintiffs-Appellees, v. LOREN SCHWECHTER, Defendant (Lori B. Schwechter, Petitioner-Appellant).

Second District   No. 2—84—0891

Opinion filed November 25, 1985.

Roger A. White & Associates, Ltd., of Lake Bluff, for appellant.

Ellis E. Fuqua and Douglas W. Stiles, both of Fuqua, Winter, Wysocki & Stiles, Ltd., of Waukegan, for appellees.

JUSTICE HOPF delivered the opinion of the court:

On November 21, 1983, judgment by confession was entered against Loren Schwechter, in the amount of $177,606.59. The judgment was entered in favor of Loren's father and mother, Arnold and Ruth Schwechter. On February 17, 1984, Lori B. Schwechter, wife of Loren Schwechter, filed a petition to intervene pursuant to sections 2—408(a)(2) and (3), or, alternatively, pursuant to section 2—408(b)(2) of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, pars. 2—408(a)(2), (3), and 2—408(b)(2).) The trial court denied that petition on May 29, 1984. Lori Schwechter appeals from that denial.

As this matter is resolved by questions of law dealing with the pleadings, we will recite only those facts necessary to an understanding of the disposition of this case.

In this court, petitioner contends that the trial court erred in denying her petition to intervene. Since the trial court did not articulate a basis for its denial of Lori Schwechter's petition, we will address all of the arguments of both petitioner and plaintiffs, bearing in mind that a reviewing court will affirm a judgment upon any legal grounds which have support in the record. *Schwarze v. Solo Cup Co.* (1983), 112 Ill. App. 3d 632, 637, 445 N.E.2d 872.

■ Petitioner argues that she should have been granted leave to intervene as a matter of right. In determining whether to grant a petition to intervene as a matter of right, a trial court's discretion is limited to determining timeliness, inadequacy of representation by parties already in the suit, and whether the party seeking to intervene has a sufficient interest in the suit. *City of Chicago v. John Hancock Mutual Life Insurance Co.* (1984), 127 Ill. App. 3d 140, 144, 468 N.E.2d 428.

Whether intervention is sought as a matter of right or by leave of court, the petition must be timely filed. (*In re Application of County Treasurer* (1983), 113 Ill. App. 3d 655, 656, 447 N.E.2d 553.) Whether a petition is timely is within the discretion of the trial court. (*Moran v. Commonwealth Edison Co.* (1979), 74 Ill. App. 3d 964, 974, 393 N.E.2d 1269.) If a party seeks to intervene after judgment has been entered, and does not explain its failure to seek intervention prior to judgment, that party has failed to demonstrate due diligence and the petition to intervene may be denied as untimely. (*Moore v.*

*McDaniel* (1977), 48 Ill. App. 152, 159, 362 N.E.2d 382.) If the party was unaware of the original suit until after judgment was entered, intervention after judgment may be allowed. 48 Ill. App. 3d 152, 159, 362 N.E.2d 382.

Petitioner first alleged in her motion to reconsider that she did not know of the suit until after judgment. She alleged that she filed her petition to intervene within 40 days after discovering the existence of the law suit. In *Avery v. Garbutt* (1974), 19 Ill. App. 3d 1001, 1003, 313 N.E.2d 274, it was held that a trial court still had jurisdiction to consider a petition to intervene even after the 30-day period for appeal had expired.

■ Plaintiffs argue that even if petitioner was unaware of the suit until after judgment was entered, petitioner should have anticipated such a judgment. We find plaintiffs' argument to be unpersuasive. There was nothing to put petitioner on notice that such a suit was pending or would be brought by plaintiffs. Plaintiffs' citation to *Kendrick v. Standard Oil Co.* (1967), 81 Ill. App. 2d 176, 225 N.E.2d 437, in support of their argument is also not persuasive as the facts in that case clearly showed that the parties seeking to intervene knew of the claim prior to trial. Nothing in the instant case indicated that petitioner had knowledge that her husband was indebted to his parents for the money which was the subject of the initial suit such that they could bring a legal action against him.

■ Plaintiffs also argue that petitioner was not diligent in pursuing her petition since she failed to appear for the original hearing on her petition. In response, petitioner asserts in her reply brief that she should not be penalized for her attorney's failure to appear, and that, in fact, she dismissed that attorney for such failure. We have found no cases where the court considered a party's diligence on the basis of actions which occurred after the petition to intervene was filed. As a result, we conclude that timeliness is to be gauged by how diligent the petitioner was in filing the petition, not in bringing the issue to resolution, and that, therefore, under the circumstances of this case, the petitioner was diligent and the petition was timely filed.

■ In order to show inadequacy of representation such that a party may intervene as a matter of right, the interests of the present parties are to be compared to the interests of the party seeking to intervene. (*City of Chicago v. John Hancock Mutual Life Insurance Co.* (1984), 127 Ill. App. 3d 140, 145, 468 N.E.2d 428.) In this case, where petitioner alleged that her husband was acting in collusion with his parents to defraud her, it is obvious that her interest would not be adequately protected by her husband. Thus, we believe that the trial

court could not properly have denied Lori Schwechter's petition on the basis of adequate representation.

■ Finally, in considering whether petitioner had sufficient interest in the suit, section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—408) requires only that a party will or may be bound by the judgment. It has been held to be sufficient if the party has an enforceable right or will suffer a tangible detriment (*City of Chicago v. John Hancock Mutual Life Insurance Co.* (1984), 127 Ill. App. 3d 140, 144, 468 N.E.2d 428), and it is not necessary that the party seeking to intervene asserts rights which are sufficient to prevail. Moreover, the allegations of the intervening petition should be taken as true in determining whether a party has sufficient interest. (*Bishop v. Village of Brookfield* (1981), 99 Ill. App. 3d 483, 487, 425 N.E.2d 1113.) We conclude that since petitioner would have been bound by the judgment, she had a sufficient interest in the suit by plaintiffs against her husband and that, therefore, under these circumstances, she could have been allowed to intervene.

A trial court cannot act to fulfill the purpose of the intervention statute unless the requirements of the statute are met. (*People ex rel. Scott v. Illinois Protestant Children's Home, Inc.* (1981), 95 Ill. App. 3d 552, 557, 420 N.E.2d 448.) All the requirements which needed to be satisfied for intervention as a matter of right, *i.e.,* timeliness, inadequacy of representation, and a sufficient interest in the suit, were met by petitioner. Likewise, petitioner satisfied the requirements for permissive intervention as set forth in section 2—408(b)(2) of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 2—408(b)(2).) Section 2—408(b)(2) permits intervention in the discretion of the court "when an applicant's claim or defense and the main action have a question of law or fact in common." Ill. Rev. Stat. 1983, ch. 110, par. 2—408(b)(2).

■ Here, we believe petitioner proved the existence of a common question of law and fact, *i.e.,* her husband's liability to plaintiffs on the alleged notes. This liability would substantially diminish the marital estate in the divorce proceedings and, thus, petitioner had an enforceable right in the subject matter of plaintiffs' suit against her husband. Additionally, as discussed earlier in this opinion, petitioner's petition was timely filed as also required for permissive intervention. Thus, the trial court could not have properly denied the petition to intervene based on petitioner's failure to fulfill any of these requirements.

Plaintiffs also advance another basis on which they assert the trial court could properly have denied the petition. They argue that peti-

tioner did not accompany the petition to intervene with an adequate pleading which she proposed to file. Attachment of the initial pleading which the party proposes to file has been held mandatory. (*In re Application of County Collector* (1979), 71 Ill. App. 3d 161, 163, 389 N.E.2d 193.) In response, petitioner asserts that she accompanied the petition with a motion to open confession which she proposed to file as her initial pleading. It is plaintiffs' contention, however, that the pleading is deficient since Supreme Court Rule 276 (87 Ill. 2d R. 276) provides that a motion to open judgment by confession should be supported by an affidavit and accompanied by a verified answer in the manner provided by Supreme Court Rule 191 (87 Ill. 2d R. 191) for summary judgments. Petitioner did not accompany her motion with a verified answer. Furthermore, plaintiffs allege that the affidavit petitioner filed did not comply with Supreme Court Rule 191 (87 Ill. 2d R. 191).

■ Conversely, petitioner contends that it was enough to file the motion to open the judgment by confession since she was only required to present her initial pleading. She argues that until the petition to intervene was granted, there was no need to present a verified answer to be filed with the motion. Petitioner cites no law to support this proposition. However, in *Turner v. Smiley* (1972), 8 Ill. App. 3d 388, 291 N.E.2d 27, a defendant who sought to open judgment by confession failed to file a verified answer and affidavit. The court held that strict compliance with Supreme Court Rule 276 (87 Ill. 2d R. 276) was not required, as long as the defendant's sworn petition was in substantial compliance with the purpose of that rule. Similarly, we do not believe that petitioner's failure to file a verified answer in the case at bar was a sufficient basis upon which to deny her petition to intervene.

As to plaintiffs' second challenge regarding the noncompliance of petitioner's affidavit, we reject outright plaintiffs' claim that testimony given by petitioner at a deposition indicates that statements in the affidavit were not within petitioner's personal knowledge. Petitioner's testimony at the deposition established only that petitioner had no knowledge of any loans made by plaintiffs; but her testimony was not inconsistent with her statements in the affidavit regarding knowledge of plaintiffs' gifts of money to petitioner and her husband.

■ Plaintiffs also argue that in her affidavit petitioner relied on a security loan document, but did not attach a certified copy, as required by Supreme Court Rule 191 (87 Ill. 2d R. 191). Failure to attach a certified copy of all papers on which the affiant relied was labeled a "technical" defect in *Burkett v. Finger Lake Development*

*Corp.* (1975), 32 Ill. App. 3d 396, 401, 336 N.E.2d 628. In *Burkett*, the court relied on other deficiencies in addition to the lack of a certified copy of documents in denying the motion to open judgment by confession. Plaintiffs rightfully point out that a few statements in petitioner's affidavit are merely conclusions, but plaintiffs do not argue that petitioner has failed to set forth a *prima facie* defense to the merits. Therefore, we conclude that petitioner's affidavit was not so deficient as to serve as a basis for the trial court's denial of the petition to intervene.

■ Finally, we consider petitioner's argument that she had no avenue other than intervention for protecting her rights. We do not agree with this contention. The Illinois Supreme Court in *Hofmann v. Hofmann* (1983), 94 Ill. 2d 205, 446 N.E.2d 499, found that the husband in a dissolution of marriage proceeding had fraudulently forfeited his interest in a farm to his parents. The supreme court determined that the husband intended to defraud his wife of her inchoate marital interest in the property and held that the farm should be treated as marital property, with the wife being awarded a lien against her in-laws' title to the farm. Thus, under the *Hofmann* holding, it appears that petitioner in the instant case could have presented her claim of fraud in the dissolution of marriage proceedings which were in progress at the time petitioner sought to intervene. Since post-judgment intervention will be granted when it is the only way to protect the rights of the intervenor (*People ex rel. Scott v. Illinois Protestant Children's Home, Inc.* (1981), 95 Ill. App. 3d 552, 561, 420 N.E.2d 448), and since the petitioner in the instant case had another method of protecting her rights, the trial court did not err by denying her petition to intervene.

Subsequent to the filing of the briefs in this case, petitioner filed a motion for leave to supplement the record with the September 18, 1985, opinion letter of the presiding judge in the marital dissolution proceedings. We ordered the motion and plaintiffs' objection to the motion to be taken with the case. In her motion petitioner contends that the opinion letter is relevant to this appeal because the trial court specifically found that the notes used as evidence of the loans to petitioner's husband by his parents were the subject of a scheme between the husband and his parents to dissipate the marital estate. We believe the opinion letter is relevant, but for a different reason than petitioner purports.

The apparent purpose of petitioner's petition to intervene was to prevent her husband from depriving her of a fair and equitable share of the parties' marital estate, in particular, the marital residence and

furnishings. Petitioner's husband had executed a security loan in favor of his parents against all furniture and furnishings in the marital home and had the judgment by confession recorded against the home. We note from the opinion letter that the trial judge has protected petitioner's rights in the family residence as he has awarded her the home. However, no mention is made in the letter regarding the furniture and furnishings, and, thus, petitioner's interests in the marital property need to be determined.

As long as another case, the dissolution proceeding, was pending which dealt with the subject matter of intervenor's petition, thereby, providing petitioner with another remedy, we believe the trial court's denial of the petition was correct. Nevertheless, pursuant to the power granted to us by Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)), we remand this cause with directions that the instant action be consolidated with the divorce proceedings for the purpose of guaranteeing petitioner's rights in the marital estate.

In light of the above, the judgment of the circuit court of Lake County is affirmed, but remanded in accordance with this opinion. The motion ordered taken with the case is granted.

Affirmed and remanded with directions.

NASH, P.J., and SCHNAKE, J., concur.