RTS PLUMBING COMPANY, INC., Plaintiff, v. LOUIS DeFAZIO *et al.*, Defendants and Counterdefendants and Third-Party Defendants (Puritan Finance Corporation, Plaintiff-Intervenor; Summit First Federal Savings and Loan Association, Counterplaintiff and Third–Party Plaintiff-Appellee; Stephen J. Sharley *et al.*, Proposed Intervenors-Appellants).

First District (3rd Division)   No. 1—87—3761

Opinion filed March 15, 1989.

Arthur Sternberg, of Pedersen & Houpt, P.C., of Chicago, for appellants.

Ronald J. Broida and Laura L. Shimkus, both of Goldstine & Broida, Ltd., of Summit, for appellee.

JUSTICE WHITE delivered the opinion of the court:

Appellants, Stephen J. Sharley, Diane Perrier, Tadeusz and Lucyna Hejna, Damen Savings and Loan, and United Savings of America, appeal from an order of the circuit court denying their petition to intervene in a foreclosure action brought by the Summit First Federal Savings and Loan Association (Summit). Appellants argue that they were entitled to intervene as a matter of right and that the trial court erred in finding that a notice of *lis pendens* recorded by Summit barred them from intervening in the action.

The action was initiated in September 1984 when RTS Plumbing Co., Inc. (RTS), filed a complaint for foreclosure of a mechanic's lien against Summit, Louis and David DeFazio, the Bank of Lyons (Lyons), the Bridgeview Bank and Trust, and the Midland Savings and Loan Association. RTS alleged that pursuant to a written contract with Louis DeFazio, it had furnished services in connection with certain real property located in Bridgeview, Illinois, that defendants failed to pay for the services rendered, and that a mechanic's lien had been recorded against the property. RTS' complaint requested that defendants be ordered to pay the amount owed or, in the alternative, that the property be sold to satisfy RTS' lien.

On May 20, 1985, Summit filed a counterclaim and third-party complaint to foreclose against the DeFazios, Lyons, RTS, and others. Summit alleged that it held a mortgage on the Bridgeview property and that the mortgage was in default in the amount of $78,390.64.

Summit asserts that it also filed a notice of *lis pendens* on May 20, 1985.

Lyons failed to appear in the foreclosure action and default orders were entered against it on October 1, 1985, and November 25, 1985. On December 30, 1985, Lyons transferred a portion of the Bridgeview property to Sharley and Perrier. Another portion of the property was transferred from Lyons to Tadeusz and Lucyna Hejna on July 24, 1986. Damen Savings and Loan and United Savings of America financed the purchases and executed mortgages on the transferred properties.

On June 16, 1987, appellants filed a petition to intervene in Summit's foreclosure action. Appellants also filed a proposed answer and affirmative defense in which they requested that any judgment entered for Summit be satisfied by the sale of the vacant, unimproved portion of the Bridgeview property. Summit opposed intervention on the ground that Lyons, appellants' predecessors in interest, had been defaulted nearly two years previously and, therefore, the petition was untimely. Following a hearing, the trial court denied appellants' petition to intervene.

Appellants contend that the trial court's decision to deny intervention was based on the court's belief that Summit's recording of a *lis pendens* notice barred intervention as a matter of law. Appellants argue that although the recording of a *lis pendens* notice serves to bind subsequent purchasers to any final judgment entered in the litigation in their absence, it does not prevent a subsequent purchaser from intervening in the action prior to final judgment. Therefore, appellants argue that the trial court's decision should be reversed and they should be allowed to intervene in Summit's foreclosure action. We agree with appellants' contention that the filing of a *lis pendens* notice does not bar intervention as a matter of law.

The Illinois *lis pendens* statute (Ill. Rev. Stat. 1987, ch. 110, par. 2—1901) provides that in an action seeking equitable relief affecting or involving real property, the filing of a notice in the office of the recorder of deeds in the county where the real estate is located, signed by a party to the action and setting forth the title of the action, the parties thereto, the court where the action was brought, and a description of the real estate shall be constructive notice to every person subsequently acquiring an interest in the property. The statute further provides that every person whose interest is not shown of record at the time the notice is filed shall be deemed a subsequent purchaser and shall be bound by the proceeding as if he or she were a party thereto.

Summit concedes that there is nothing in the language of the statute that bars intervention by a subsequent purchaser as a matter of law. However, it points out that a subsequent purchaser who takes subject to a notice of *lis pendens* need not be made a party to the pending action (*Norris v. Ile* (1894), 152 Ill. 190, 38 N.E. 762; *Stavros v. Karkomi* (1976), 39 Ill. App. 3d 113, 349 N.E.2d 599), and argues that to allow intervention would defeat the purpose of the *lis pendens* doctrine. We disagree.

■■ ■ The purpose of the doctrine of *lis pendens* is the avoidance of endless litigation of property rights precipitated by the transfer of interests in the property after litigation has begun. (*Admiral Builders Corp. v. Robert Hall Village* (1981), 101 Ill. App. 3d 132, 427 N.E.2d 1032.) This purpose is achieved by conclusively binding the party receiving the interest to the result of the litigation as though he or she had been a party from the outset. (*Norris v. Ile* (1894), 152 Ill. 190, 38 N.E. 762; *Admiral Builders Corp. v. Robert Hall Village* (1981), 101 Ill. App. 3d 132, 427 N.E.2d 1032.) Allowing intervention does not impair a court's power to bind conclusively a subsequent purchaser, and because a court has the power to enter orders assuring that an intervenor will not interfere with or unduly delay the litigation (Ill. Rev. Stat. 1987, ch. 110, par. 2—408(f)), it cannot be said that as a matter of law allowing a subsequent purchaser to intervene will defeat the purpose of *lis pendens*.

■ In an 1889 decision, the United States Supreme Court set forth the rule that purchasers of property involved in a pending suit may be admitted as parties in the discretion of the court. (See *Mellen v. Moline Malleable Iron Works* (1889), 131 U.S. 352, 33 L. Ed. 178, 9 S. Ct. 781.) Summit concedes that the question of whether to allow purchasers *pendente lite* to intervene in a pending action is addressed to the discretion of the trial court. However, it argues that in the present case, the trial court properly exercised its discretion in denying appellants' petition to intervene. Again we disagree.

■ Our review of the transcript of the hearing on appellants' petition to intervene leads us to conclude that, in denying the petition, the trial court acted under the mistaken belief that the filing of the *lis pendens* notice required it to deny intervention as a matter of law. A court commits error when it fails to exercise its discretion due to a belief that it has no discretion to exercise. (*Avery v. Garbutt* (1974), 19 Ill. App. 3d 1001, 313 N.E.2d 274.) Thus, the trial court erred when it ruled that Summit's filing of the *lis pendens* notice barred appellants from intervening in the action.

■ Although we find that the trial court erred in holding that ap-

pellants were barred from intervening, we believe that the court's order denying intervention was proper. Our decision is based on appellants' failure to establish that their petition to intervene was timely filed and on their assertion before this court that they should be allowed to assert unknown and unspecified defenses to Summit's foreclosure action.

██ █ Intervention may be permissive or as a matter of right. A party is allowed to intervene as of right when a statute confers the unconditional right to intervene, when a party who will be bound by an order or judgment in the action will not be adequately represented by existing parties, or when a party will be adversely affected by the disposition of property subject to the control of the court. (Ill. Rev. Stat. 1987, ch. 110, par. 2—408(a).) Permissive intervention is addressed to the discretion of the court, which may allow intervention when a statute confers a conditional right to intervene or when an applicant's claim and the main action concern a common question of law or fact. (Ill. Rev. Stat. 1987, ch. 110, par. 2—408(b).) In the case of both permissive intervention and intervention as of right, the application to intervene must be made in a timely manner. *In re Application of County Treasurer* (1983), 113 Ill. App. 3d 655, 447 N.E.2d 553; *Moran v. Commonwealth Edison Co.* (1979), 74 Ill. App. 3d 964, 393 N.E.2d 1269.

Appellants argue that their petition to intervene was timely because it was filed before trial began on Summit's foreclosure action. That is not the only issue to be considered in determining timeliness.

██ Generally, the determination of the timeliness of a petition to intervene is left to the discretion of the trial court. (*Moran v. Commonwealth Edison Co.* (1979), 74 Ill. App. 3d 964, 393 N.E.2d 1269; *Childress v. State Farm Mutual Automobile Insurance Co.* (1968), 97 Ill. App. 2d 112, 239 N.E.2d 492.) Factors considered in making this determination include when the intervenors became aware of the litigation (*In re Application of County Treasurer* (1983), 113 Ill. App. 3d 655, 447 N.E.2d 553; *Schwechter v. Schwechter* (1985), 138 Ill. App. 3d 602, 486 N.E.2d 340) and the amount of time that elapsed between the initiation of the action and the filing of the petition to intervene (*Moran v. Commonwealth Edison Co.* (1979), 74 Ill. App. 3d 964, 393 N.E.2d 1269). Another factor considered in determining timeliness is the reason for the party's failure to seek intervention at an earlier date. *Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 362 N.E.2d 382.

In the present case, appellants, who acquired their interests in December 1985 and July 1986, filed their petition to intervene in June 1987. This was more than two years after Summit's foreclosure action

was initiated. Appellants' petition made no mention of when they first became aware of the litigation involving their property and provided no explanation whatsoever for their failure to seek intervention at an earlier date. These omissions make it impossible to determine whether appellants acted diligently or whether their application to intervene was made in a timely manner. We believe that appellants' failure to supply information establishing that they made a timely effort to intervene provides a sufficient basis for upholding the trial court's denial of appellants' petition to intervene. See *Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 362 N.E.2d 382.

■ We are aware that in *Moore*, the petition to intervene was made after final judgment had been entered in the action, while in the case before us trial on Summit's foreclosure action had not begun when appellants' petition was filed. Nevertheless, we believe that the rationale behind the appellate court's decision in *Moore* is applicable. The rules of intervention require that an application to intervene be made in a timely manner. Therefore, a decision denying intervention should be upheld where a party fails to supply the information necessary to make a determination of the timeliness of its petition.

In addition, we believe that allowing intervention in the present case would serve only to interfere with and hinder the progress of the litigation.

Appellants have argued that they should be allowed to intervene to address the issue of how to shape relief, should Summit prevail in its foreclosure action. However, nothing in appellants' pleadings and arguments in the trial or before this court indicate that they sought intervention on this limited basis. In oral arguments before this court, appellants' attorney stated:

> "[T]here is one thing that I do want to point out on the defenses, it's not that we've conceded before the trial court that there are no defenses [to Summit's foreclosure action] and that we only want to be heard on relief, it may be that during the course of the proceedings we discover ***. I can't point to the court [*sic*] any defenses that we have, but we may find later on ***. If a defense comes up we should be allowed to raise it."

The record shows the default orders against Lyons, appellants' predecessor in interest, were entered on October 1, and November 25, 1985, while appellants' petition to intervene was not filed until June 15, 1987, nearly two years later. In spite of this delay, appellants now request that they be allowed to intervene so that they may inject any unknown defenses that "come up" or are "discovered" in the future. We find that appellants' request is improper as well as untimely.

██ An intervenor must take the suit as he finds it, and where intervention will result in the injection of new and complicated issues, it may be denied. (*Home Insurance Co. v. Lorelei Restaurant Co.* (1980), 83 Ill. App. 3d 1083, 404 N.E.2d 895; *Chicago, Milwaukee, St. Paul & Pacific R.R. Co. v. Harris Trust & Savings Bank* (1978), 63 Ill. App. 3d 1012, 380 N.E.2d 835.) Although the trial court in the present case denied intervention on other grounds, the only issue before this court is the correctness of the order appealed from. (*In re Application of County Collector* (1979), 71 Ill. App. 3d 161, 389 N.E.2d 193.) Thus, we find that here, where appellants have indicated their intention to raise unknown and unspecified issues in an action that has been pending for more than two years, it was not error to deny the petition to intervene.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.