ROSE SERIO, Guardian of the Estate of Cosimo Serio, Plaintiff-Appellee, v. EQUITABLE LIFE ASSURANCE *et al.*, Defendants (La Salle National Bank, Intervening Petitioner-Appellant).

First District (4th Division)   No. 1—87—2879

Opinion filed May 4, 1989.—Rehearing denied June 28, 1989.

Biggam, Cowan, Marquardt & Lunding, of Chicago (Charles M. Biggam, Jr., and Michele Kocian Parthum, of counsel), for appellant.

Robert A. Rosin & Associates, of Chicago (Robert A. Rosin, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:
Intervening petitioner La Salle National Bank (hereinafter La

Salle) appeals from an order of the circuit court of Cook County denying its petition to intervene. The sole issue for review is whether the trial court erred in denying La Salle's petition to intervene.

We reverse and remand.

Irving Drobny was retained to represent Cosimo Serio for injuries he sustained on June 5, 1978. The action was filed on June 5, 1980, by the law firm of Spivack, Drobny & Norman. Drobny had a written retainer agreement with Serio to receive a fee equal to 40% of plaintiff's total recovery.

In September 1982, Drobny referred the Serio case to the law firm of Joseph A. Rosin & Associates, Ltd. (now known as Robert A. Rosin & Associates, Ltd.) with the consent of plaintiff. Rosin filed an appearance in the case with the circuit court of Cook County on October 12, 1982.

Around 1982, Drobny was indicted by a Federal grand jury in Austin, Texas. He was tried and convicted sometime in July 1983. Thereafter his license to practice law in Illinois was revoked.

La Salle obtained judgments against Drobny on January 31, 1983, and May 10, 1984, in the amount of $116,726.98. After citation proceeding on July and August 16, 1984, La Salle, as judgment creditor of Drobny, obtained a restraining order issued by Judge Irwin Cohen. The order enjoined all parties to the Serio lawsuit and/or attorneys from disbursing any attorneys' fees or costs that may be due to Drobny by reason of his representation in the Serio case. The orders also provided that the court would maintain jurisdiction over the matter until the Serio case was resolved by judgment or settlement.

Subsequently, the Serio case was tried before Judge Warren Wolfson on February 22, 1985, and a judgment was rendered in favor of plaintiff in the sum of $601,150. Following a petition for leave to appeal, the matter was returned to trial before Judge Philip Fleischman. Prior to trial the case was settled in July 1987 for the sum of $465,000. Thereafter, plaintiff filed her "Petition For Order Approving Settlement and Distribution of Settlement Proceeds."

Pursuant to the orders rendered by Judge Cohen, La Salle received notice of the petition. La Salle appeared before Judge Fleischman and filed its objections to plaintiff's petition. Arguments were heard on July 22 and 31, 1987, concerning Drobny's entitlement to fees and the jurisdiction of Judge Cohen; however, no order was entered.

On August 4, 1987, La Salle, upon notice to all parties, presented its petition to intervene. Plaintiff filed an affidavit by Drobny, executed in July 1987, that stated in pertinent part: "In October 1983,

the undersigned for good and valuable consideration released and waived all interests of any kind, and nature, including any right to attorney's fees or reimbursement of costs or expenses or any other outlays of money, to Joseph A. Rosin and his law Firm."

On August 7, 1987, Judge Fleischman entered an order granting plaintiff's request for approval and distribution of the settlement proceeds and denied La Salle's petition to intervene. The trial court found that Drobny had executed a release of attorney's lien or waiver and that there was no money due and owing to him.

Subsequently, on July 13, 1987, La Salle filed an amended petition to intervene and a motion to vacate the August 7 order approving the distribution of settlement proceeds. The petition and motion were stricken.

In accordance with Judge Fleischman's order, plaintiff brought a petition before Judge Cohen for dissolution of the injunction he had previously entered in the citation proceedings. The dissolution was granted on August 28, 1987. This appeal followed.

La Salle's sole contention is that the trial court erred in denying its petition to intervene as a matter of right. La Salle argues that it has an interest in the distribution of the settlement proceeds, that its interest is inadequately represented by the existing parties, and that it would be adversely affected by the court's approval of the distribution.

■ Section 2—408(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—408(a)) (hereinafter the Code) sets forth three alternative situations whereby a person is allowed to intervene as a matter of right. They are as follows: "(1) when a statute confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or a court officer."

■ The purpose of intervention is to expedite litigation by disposing of a whole controversy among individuals and/or entities involved in the same cause of action and to avoid multiplicity of actions. (*Bishop v. Village of Brookfield* (1981), 99 Ill. App. 3d 483, 487.) Section 2—408 of the Code is designed to be liberally construed. (*Mensik v. Smith* (1960), 18 Ill. 2d 572, 590; *University Square, Ltd. v. City of Chicago* (1979), 73 Ill. App. 3d 872, 877.) Accordingly, the intervenor need not show a direct interest in the suit; however, he must establish

an enforceable or recognizable right and more than a general interest in the subject matter of the suit. *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 382; *Bishop v. Village of Brookfield* (1981), 99 Ill. App. 3d 483, 487.

As stated in *City of Chicago v. John Hancock Mutual Life Insurance Co.* (1984), 127 Ill. App. 3d 140, 144:

> "[I]ntervention as of right should be distinguished from permissive intervention insofar as the exercise of discretion is concerned. The statute establishes a minimal 'commonality' requirement for permissive intervention, and expressly commits the decision whether to allow intervention or not to 'the discretion of the court.' [Citation.] With respect to intervention as of right *** [w]e believe that the trial court's discretion is limited to determining timeliness, inadequacy of representation and sufficiency of interest; once these threshold requirements have been met, the plain meaning of the statute directs that the petition be granted."

There is no issue as to timeliness. The record reveals that after the citation proceedings, Judge Cohen stated in his order that La Salle had a judgment against Drobny in the amount of $88,561.61, plus costs. The judge further noted "that the Judgment Debtor, an attorney, is or may be entitled to receive fees and expenses by reason of his representation of Mr. Cosimo Serio in a lawsuit presently pending in the Circuit Court of Cook County." Judge Cohen ordered respondents, agents and attorneys in the Serio case, restrained and enjoined from paying over to Drobny any sums of money.

■ As conceded by plaintiff, La Salle's interest constituted a lien. Although Drobny was disbarred, he is entitled to the reasonable value of his legal services rendered until his disbarment. (*Harris Trust & Savings Bank v. Chicago College of Osteopathic Medicine* (1983), 116 Ill. App. 3d 906, 909-10.) Thus, we find that La Salle had an enforceable right that satisfies any concept of standing so as to be an appropriate party for intervention.

■ La Salle also maintains that it was entitled to intervene as a matter of right. La Salle argues that it qualified under subsections 2—408(a)(2) and 2—408(a)(3) of the Code (Ill. Rev. Stat. 1983, ch. 110, pars. 2—408(a)(1), (a)(3)). Subsection 2—408(a)(2) allows a person to intervene when its interest is or may be inadequately represented by the existing parties and he will possibly be bound by a judgment in the case.

The record shows that during trial Rosin submitted to Judge Fleischman an alleged affidavit prepared by Drobny waiving any right

to attorney fees and a purported release of attorney's lien signed by Drobny. Furthermore, before making his ruling, Judge Fleischman heard the following comments from Mr. Rosin:

"So, against his [Drobny's] settlement, my office has advanced him additional monies to live on."

"I have given this court Irving Drobny's own affidavit signed while he's incarcerated in a penitentiary in Texas, witnessed by his parole officer, stating that Irving Drobny has no right or interest in the case."

"If the court wants, I'll show you checks, judge, that I gave to Irving Drobny."

"Judge, I'll show you checks that are voluminous checks. The last check that I gave this man was on October 19. Prior to that he had given me an assignment. He owed me $107,000. He was in trouble.

I'll show you [a] check for $50,000 I paid his attorney down in Texas to defend him."

"I'm not under oath, but I am an officer of this court [a]nd I am telling you, judge, that I gave him an additional $10,000 in October of [1983]. He signed the release of lien because we knew—he knew and I knew that if he was convicted that the monies that were paid to him would exceed any potential recovery in this case."

"Here, Judge, here's a copy of a check for $50,000."

"By the way, judge, I am just going to hand this to the court for your perusal. This is the check for $10,000 that was paid to him in October of 1983."

"So, I want a ruling from this court from the evidence that we have here [a]nd the only evidence that this court actually has for the record, is the releases, the affidavits, my statements that I gave to this court."

The court allowed Mr. Rosin to make the above comments and submit documents on his behalf without affording La Salle the opportunity to test their veracity through cross-examination, other conflicting testimony or documents. It is clear to this court that La Salle's interest was not adequately represented by the existing parties in the Serio case. Moreover, La Salle was bound by Judge Fleischman's finding that Drobny was not entitled to attorney fees and his order approving distribution of the settlement proceeds. Once presented to Judge Cohen, he had to accept the finding and order as an adjudication on the issue of fees and lift the restraining order as requested by the parties. Thus, we find La Salle was entitled to intervene as a mat-

ter of right under subsection 2—408(a)(2) of the Code.

Subsection 2—408(a)(3) of the Code allows a person to intervene as a matter of right if he will be adversely affected by the disposition or distribution of the property subject to the court's control. Clearly, La Salle falls within the parameters of this subsection. As mentioned above, Judge Fleischman found that Drobny was not entitled to attorney fees and approved the proposed settlement and distribution of the proceeds. Obviously, this decision adversely affected La Salle's rights in enforcing its judgment against Drobny. Consequently, we find that La Salle has established that its interest is materially affected by a disposition in the Serio case.

Inasmuch as we find that the trial court erred in denying La Salle's petition to intervene as a matter of right, it is not necessary to consider La Salle's additional claim that the trial court abused its discretion in denying it permissive intervention.

For the foregoing reasons, the order of the circuit court of Cook County is reversed and remanded for a formal hearing on La Salle's petition to intervene.

Reversed and remanded, with directions.

LINN and McMORROW, JJ., concur.