In re PETITION FOR ANNEXATION OF UNINCORPORATED TERRITORY TO THE VILLAGE OF PALATINE (Thomas E. Klein, Objector-Appellant, v. James A. Hastings et al., Petitioners-Appellees (The Village of Palatine, Intervenor-Appellee)).

First District (1st Division)   No. 1—91—0916

Opinion filed September 8, 1992.

Law Offices of R. Burke Kinnaird, of Chicago (R. Burke Kinnaird and Timothy J. Klein, of counsel), for appellant.

Arnstein & Lehr, of Chicago (Arthur L. Klein, Everette M. Hill, and Carol McHugh, of counsel), for appellee Village of Palatine.

Walter J. Kendall III, of Chicago, for other appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Thomas E. Klein is the nonresident owner of property included in a larger, unincorporated area which was the subject of an annexation action involving the Village of Palatine. Klein attempted to raise objections to the annexation action pursuant to a petition for intervention (Ill. Rev. Stat. 1989, ch. 110, par. 2—408). The petition having been denied, Klein appeals.

Annexation proceedings were instituted on November 15, 1990, when the petition was filed. (See Ill. Rev. Stat. 1989, ch. 24, par. 7—1—2.) Notice of that filing was published in the December 1, 1990, issue of the Daily Herald, the Village of Palatine's principal local newspaper. (See Ill. Rev. Stat. 1989, ch. 24, par. 7—1—2.) On December 17, 1990, an order was entered in the circuit court, directing that the question of annexation be submitted for action to the corporate authorities of the Village of Palatine, the annexing body. (See Ill. Rev. Stat. 1989, ch. 24, par. 7—1—4.) That order recited that no objections had been filed opposing the annexation.

On January 14, 1991, Klein filed his petition to intervene, which revealed his concerns with the annexation. Despite opposition by the Village of Palatine, Klein previously had sought successfully to have his property rezoned from residential to commercial use for purposes of operating an automotive service center. Klein feared his right to so use the property would be in jeopardy if the annexation was realized.

Klein's petition acknowledged that he had not objected to the annexation action within the time prescribed in the Municipal Code.

However, he attempted to explain that failure on the lack of proper notice by those seeking annexation.

The Village of Palatine subsequently filed objections to Klein's petition.

Klein's petition to intervene was denied on February 15, 1991, and he filed a notice of appeal from that order 28 days later on March 15, 1991.

A large part of Klein's argument on appeal is addressed to the propriety of intervention as a means to object to the annexation petition and the timeliness of his action. The answer to both questions lies in an understanding of how the Code of Civil Procedure facilitates the right to object provided by the Municipal Code for annexation proceedings.

■ Section 2—408 of the Code of Civil Procedure provides for both intervention as of right and permissive intervention. A party seeking to intervene in a particular action may do so as of right when a statute upon which the action is predicated "confers an unconditional right" to do so. (Ill. Rev. Stat. 1989, ch. 110, par. 2—408(a).) Section 2—408 also confers such right on two other conditions without reference to statute. Ill. Rev. Stat. 1989, ch. 110, par. 2—408(a).

The right to intervene based on statutory language can be found, in some circumstances, in the Code of Civil Procedure itself and, in other instances, as is relevant here, in the specific act relied upon for relief. (4 R. Michael, Illinois Practice §29.7 (1989).) For example, in a Torrens registration action any person claiming a right to the subject property who "oppose[s]" the registration may intervene. (Ill. Rev. Stat. 1989, ch. 30, par. 62; 4 R. Michael, Illinois Practice §29.7 n.9, at 52 (1989).) Similarly, under the Workers' Compensation Act, an employer may intervene in an employee's third party action for damages under language permitting the employer to "join in" that action to protect a lien interest for amounts paid to the employee under the act. (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b); 4 R. Michael, Illinois Practice §29.7 n.9, at 52 (1989).) Intervention as of right under section 2—408 in those instances is recognized despite the absence of the term "intervention" in either statute.

■ Where a statute confers the right to a nonparty to enter into an action, it is section 2—408 which provides the procedural basis for doing so. As illustrated above, where intervention as of right is based on a specific statute which provides the basis for relief, courts must

look to that specific statute, not section 2—408, for any particular manner or any condition limiting that right to enter.[1]

The right to intervene in annexation actions is conferred under section 7—1—3 of the Municipal Code. (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—3.) That section permits "any interested person" to file with the "circuit clerk" four particular types of objections to a pending petition for annexation. (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—3.) That filing is proper only "after the filing of the petition" for annexation and cannot take place "less than 5 days prior to the date fixed for the hearing." (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—3.) The circuit court must fix the date for the hearing by order which date "shall be not less than 20 nor more than 30 days after the filing of the petition or ordinance." (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—2.) The Municipal Code requires that notice of the annexation petition must be given "not more than 30 nor less than 15 days before the date fixed for the hearing." (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—2.) The notice is satisfied through publication in a newspaper published in the annexing municipality. Ill. Rev. Stat. 1989, ch. 24, par. 7—1—2.

At oral argument, Klein's attorney conceded that the notice in the present case was in "technical compliance" with the Municipal Code. The record bears out that concession.

The notice in the Daily Herald was published 16 days before the court-ordered hearing date of December 17, 1990, which was the 30th day following the filing of the petition. (See Ill. Rev. Stat. 1989, ch. 1, par. 1012.) The hearing was held on that date, and the circuit court submitted the question of annexation to the Village of Palatine. The record indicates that, later on December 17, 1990, the village board of trustees adopted an ordinance annexing the property into the municipality, effective January 16, 1991.

Klein's petition to intervene, filed January 14, 1991, simply was not filed within the proper time period before the hearing as required by section 7—1—3 of the Municipal Code. As stated, that section required objections to be filed not "less than 5 days prior to the date fixed for the hearing." (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—3.) The hearing date was set for December 17, 1990. Accordingly, Klein's "objections" should have been filed no later than December 12, 1990. (See Ill. Rev. Stat. 1989, ch. 24, par. 7—1—3.) At the time Klein filed

---

[1]In the two additional instances where section 2—408 confers the right to enter without reference to statute (Ill. Rev. Stat. 1989, ch. 110, par. 2—408(a)), courts must look to the language of sections 2—408(e) and (f), and to cases construing the terms of those provisions, for the manner and limits to these conditions.

his petition, the annexation action was complete because an order directing the annexation question to be submitted to the authorities of the annexing municipality is a final order for purposes of appeal. (See Ill. Rev. Stat. 1989, ch. 24, pars. 7—1—4, 7—1—5.) Leave to intervene in a suit must be sought during the pendency of the suit. (*In re Estate of Reemts* (1943), 383 Ill. 447, 50 N.E.2d 514; *Ackmann v. Clayton* (1976), 39 Ill. App. 3d 1013, 350 N.E.2d 824.) Moreover, our supreme court has indicated that where an annexation is complete, the only relief available to an individual seeking to attack the annexation is in the form of *quo warranto. In re Petition of the Village of Kildeer to Annex Certain Territory* (1988), 124 Ill. 2d 533, 530 N.E.2d 491.

Because Klein's petition was not filed within the time limitations established by the Municipal Code, the circuit court correctly denied the petition, and its order is affirmed.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.