TERRANCE E. JOYCE *et al.*, Plaintiffs-Appellants, v. EXPLOSIVES TECHNOLOGIES INTERNATIONAL, INC., Defendant-Appellee and Third-Party Plaintiff (High Technology Construction, Inc., Third-Party Defendant).

Third District    No. 3—93—0373

Opinion filed December 17, 1993.

Thomas M. Monahan, of Joliet, for appellants.

Eugene P. Daugherity, of Myers, Daugherity, Berry & O'Conor, Ltd., of Ottawa, for appellee.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiffs, Terrance E. Joyce, Kelly Fogarty, Maureen Joyce, Michael Laird and Roxanne Hooper, filed a complaint against the defendant, Explosives Technologies International, Inc. (ETI), under the Structural Work Act (the Act) (Ill. Rev. Stat. 1991, ch. 48, par. 60 *et seq.*) claiming damages for the death of their father, John Joyce. The trial court granted ETI's motion to dismiss the complaint because the decedent's widow had already filed a complaint grounded on the Act. The plaintiffs appeal. We affirm the judgment of the trial court dismissing their complaint.

High Technology Construction, Inc., employed John Joyce as a carpenter. On March 2, 1990, John fell from a scaffold while working at a jobsite and later died from his injuries. At the time of his death, John was married to his second wife, Doris Joyce (Doris). On September 16, 1991, Doris filed a complaint in the circuit court of Grundy County seeking damages for John's death under section 9 of the Structural Work Act (Ill. Rev. Stat. 1991, ch. 48, par. 69).

On February 28, 1992, the plaintiffs, who are the natural children born of John's first marriage, brought this action in the circuit court of Will County. Like Doris' action, their complaint sought damages for John's death based on section 9 of the Act. By the parties' agreement, on April 3, 1992, the circuit court of Will County ordered the plaintiffs' action transferred to the circuit court of Grundy County.

On November 19, 1992, ETI filed a motion in the circuit court of Grundy County to dismiss the plaintiffs' complaint because Doris' action was already pending in that court. On April 5, 1993, the trial court granted ETI's motion and dismissed the plaintiffs' complaint with prejudice. The plaintiffs note in their reply brief that at the time the court dismissed the plaintiffs' complaint, the plaintiffs had filed a motion seeking leave to intervene in Doris' action against ETI. The court apparently never ruled on this motion, choosing instead to rule on ETI's motion to dismiss the complaint. On May 4, 1993, the plaintiffs filed a timely notice of appeal.

The sole issue on appeal is whether different classes of persons entitled to recover under section 9 of the Act may simultaneously bring actions under the Act independently from one another. We answer this question in the negative and affirm the judgment of the trial court.

When a worker is killed on the job due to the employer's willful violation of the Act, section 9 grants a right of action "to the surviv-

ing spouse of the person so killed, the lineal heirs or adopted children of such person, or to any other person or persons who were *** dependent for support on the person or persons so killed." (Ill. Rev. Stat. 1991, ch. 48, par. 69.) The plaintiffs argue that the disjunctive "or" in the statute's text shows a legislative intent to grant each class of persons mentioned in the statute the right to maintain an action independently from the other classes. We do not agree with the plaintiffs' analysis.

In *Claffy v. Chicago Dock & Canal Co.* (1911), 249 Ill. 210, 94 N.E. 551, our supreme court held that all damages occasioned by a death under the Structural Work Act (then called the Scaffolding Act) must be recovered in one action. The court also declared that if the deceased leaves a surviving spouse, the spouse is the proper person to recover for the loss. (*Claffy*, 249 Ill. at 223-24.) The Fourth District Appellate Court has cited this language in stating that a surviving spouse could arguably be entitled to an entire recovery under the Act even though her husband's children by prior marriages joined her as plaintiffs in the suit. *Frederick v. Zeigler Coal Co.* (1978), 56 Ill. App. 3d 888, 890-91, 372 N.E.2d 730, 732.

However, the plaintiffs rely on the following language in *Mitseff v. Acme Steel Co.* (N.D. Ill. 1962), 208 F. Supp. 805, in support of their position:

> "Each of the widow, lineal heirs, adopted children or other dependents has a separate cause of action under the Scaffolding Act ***." (*Mitseff*, 208 F. Supp. at 808.)

However, we point out that the court in *Mitseff* made this observation to draw distinctions between the Scaffolding Act (Ill. Rev. Stat. 1961, ch. 48, par. 60 *et seq.*) and the Wrongful Death Act (Ill. Rev. Stat. 1981, ch. 70, pars. 1, 2), under which only the deceased's personal representative has a cause of action. The court did not reach the precise question posited to us. *Mitseff*, 208 F. Supp. at 808.

■ Here, the plaintiffs filed their action after Doris had already filed her complaint. Both actions could not be allowed to proceed simultaneously. Based on the authority cited above, the trial court committed no error in dismissing the plaintiffs' complaint. Therefore, we conclude that our supreme court's decision in *Claffy* and subsequent decisions control the result here. The law clearly provides that claims based on the Structural Work Act must be resolved in a single action.

Notwithstanding the language in *Claffy* and other decisions granting the widow the sole right to maintain an action, the law is equally clear that the lineal heirs have a right to recover. Section 9 of the Act expressly grants to the lineal heirs of a decedent a right of action. (Ill.

Rev. Stat. 1991, ch. 48, par. 69.) Minor children may recover substantial direct damages for the loss of a parent under the Act. (*Scully v. Otis Elevator Co.* (1971), 2 Ill. App. 3d 185, 199-200, 275 N.E.2d 905.) "Direct damages" under the Act include the loss of the decedent's society and companionship. *Pickett v. Yellow Cab Co.* (1989), 182 Ill. App. 3d 62, 68-69, 537 N.E.2d 933, 937-38.

Additionally, the lineal heirs need not prove their dependency on the decedent to recover. Our supreme court recently held that damages for loss of consortium are recoverable under the Act by the spouse of a worker, whether the worker is injured or killed. In doing so, the court cited *Pickett* with approval. (*Harvel v. City of Johnston City* (1992), 146 Ill. 2d 277, 291-93, 586 N.E.2d 1217, 1224-25.) Based on this authority, ETI concedes that the plaintiffs are not required to establish dependency. We conclude that while lineal heirs have a right to recover, all classes of persons entitled to maintain an action for a decedent's death under the Act must do so in one action.

■ The plaintiffs asserted in their reply brief that they filed a motion to intervene in Doris' action. They further claim that the motion was pending at the time the trial court granted ETI's motion to dismiss their complaint. This issue is not squarely before this court on review. While it is generally true that points not argued in the initial brief are deemed waived, it is our prerogative to consider points made for the first time in reply briefs. (*Handley v. Unarco Industries, Inc.* (1984), 124 Ill. App. 3d 56, 66-67, 463 N.E.2d 1011, 1019.) In the interests of justice and in maintaining a sound and uniform body of precedent, we may exercise our discretionary authority to consider this point. (*Village of Maywood v. Health, Inc.* (1982), 104 Ill. App. 3d 948, 952, 433 N.E.2d 951, 954.) Consequently, we find that the plaintiffs are entitled to intervene in Doris' action against ETI under section 2—408(a)(2) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—408(a)(2)).

Section 2—408(a)(2) provides that anyone has a right to intervene in a particular action when (1) the representation of the person's interest by existing parties is or may be inadequate, and (2) the person will or may be bound by an order or judgment in the action. (Ill. Rev. Stat. 1991, ch. 110, par. 2—408(a)(2).) An intervenor need only establish an injury to an enforceable right or interest which must be more than a general interest in the subject matter of the suit. (*Serio v. Equitable Life Assurance* (1989), 184 Ill. App. 3d 432, 435-36, 540 N.E.2d 800, 802.) The intervenor need not assert rights sufficient to prevail. (*Schwechter v. Schwechter* (1985), 138 Ill. App. 3d 602, 606, 486 N.E.2d 340, 343.) While the decision whether to grant a petition

to intervene as of right lies within the discretion of the trial court, that discretion is limited to determining timeliness, the inadequacy of representation by existing parties, and sufficiency of interest of the potential intervenor. (*People ex rel. Village of Lake Bluff v. City of North Chicago* (1992), 224 Ill. App. 3d 866, 870, 586 N.E.2d 802, 805.) Once these requirements have been met, the party must be allowed to intervene. *City of Chicago v. John Hancock Mutual Life Insurance Co.* (1984), 127 Ill. App. 3d 140, 144, 468 N.E.2d 428, 431.

The plaintiffs have an enforceable interest in the subject matter of Doris' action. They are the decedent's lineal heirs, to whom the Act expressly grants a right of action. We have already stated that claims for loss of society are compensable under the Act. If the plaintiffs prove their claims of loss of society, they stand to recover. Additionally, we have already stated that the Act does not allow the plaintiffs to maintain an independent action. For the purposes of intervention as of right, we find that the above facts are sufficient to show potential injury to the plaintiffs' enforceable rights. See *Schwechter*, 138 Ill. App. 3d at 606, 486 N.E.2d at 343.

The plaintiffs have attempted timely intervention in Doris' action. Generally, leave to intervene in a suit must be sought during the pendency of that suit. (*In re Petition for Annexation of Unincorporated Territory* (1992), 234 Ill. App. 3d 927, 931, 602 N.E.2d 31, 33.) According to the reply brief filed in this appeal, the plaintiffs filed a petition to intervene in Doris Joyce's action. This petition was apparently pending when the trial court dismissed the plaintiffs' complaint and has never been ruled upon. In addition, ETI concedes that it has never contested the plaintiffs' right to intervene in Doris' action. Moreover, Doris' action is still pending in the circuit court of Grundy County. As a result, we conclude that the requirement of timeliness is satisfied.

Additionally, we conclude that the plaintiffs have established the inadequacy of existing parties in protecting their interests. Applicants for intervention can establish inadequate representation by showing that their interests are different from those of the existing parties. (*Redmond v. Devine* (1987), 152 Ill. App. 3d 68, 74, 504 N.E.2d 138, 142.) Other considerations affecting the adequacy of existing representation are the commonality of legal and factual positions; the practical abilities, resources and expertise of the existing parties; and the existing parties' vigor in representing the absent applicant's interests. *John Hancock Mutual Life Insurance*, 127 Ill. App. 3d at 145, 468 N.E.2d at 432.

Here, we find that the parties' relative interests are quite different. The plaintiffs seek damages for loss of society and companionship, while Doris seeks damages for loss of support in addition to her claims of loss of society and companionship. Prevailing on these claims will require differing proof by the parties. Because of the divergence of required proof, we also find that Doris is unlikely to advance the plaintiffs' claims adequately. Based on these facts, we conclude that the plaintiffs have established the inadequacy of the existing parties in representing their interests.

Finally, we find that the plaintiffs will be bound by an order or judgment in Doris' action. Applicants for intervention will or may be bound by an order or judgment when they stand to gain or lose by the direct legal operation and effect of the judgment. (*Redmond*, 152 Ill. App. 3d at 74, 504 N.E.2d at 142.) As indicated above, the plaintiffs in the case at hand are not entitled to maintain a separate action. All recovery under the Act must be had in one proceeding. The plaintiffs will be barred from recovery unless they are allowed to participate in Doris' action. Because Doris could arguably be entitled to the entire recovery at trial (see *Frederick*, 56 Ill. App. 3d at 890, 372 N.E.2d at 732), the plaintiffs' claims for damages will be jeopardized unless the court allows the plaintiffs to preserve their claims by presenting evidence in Doris' action. Therefore, we conclude that the plaintiffs have satisfied the requirement of being bound by a judgment in Doris' action. Accordingly, we find that the plaintiffs here have a right to intervene in Doris' action pursuant to section 2—408(a)(2) of the Code of Civil Procedure.

For the reasons indicated, we find that when an action has been commenced under the Structural Work Act for a worker's death by one class of persons entitled to recover, all members of other classes entitled to recover have a right to intervene pursuant to section 2—408(a)(2) of the Code of Civil Procedure. However, classes of persons entitled to recover under the Act may not maintain separate actions simultaneously. Accordingly, the judgment of the circuit court of Grundy County dismissing this action is affirmed.

Affirmed.

STOUDER and LYTTON, JJ., concur.