SAMUEL REDMOND, Plaintiff-Appellant, v. JOHN DEVINE, Defendant (Comet Casualty Company, Intervening Petitioner-Appellee).

First District (4th Division)   No. 85—3740

Opinion filed January 22, 1987.

Laurence J. Dunford, Ltd., of Chicago (Laurence J. Dunford and John W. Newell, of counsel), for appellant.

Neistein, Richman, Hauslinger & Young, Ltd., of Chicago (Harry A. Young, Jr., Alan Rosen, and William R. Klein, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Samuel Redmond, brings this appeal seeking reversal of

two orders issued by the trial court in connection with his personal injury lawsuit.

Redmond filed his lawsuit after he suffered serious physical injuries when the vehicle he was driving collided with a parked auto being operated by defendant, John Devine. At the time of the accident (December 25, 1981) Devine carried auto liability insurance with Comet Casualty Company (Comet).

Although Devine was duly served with a copy of Redmond's complaint, Devine failed to answer and/or defend against the lawsuit. Accordingly, following a prove-up hearing, the trial court, on May 26, 1983, entered a default judgment in the sum of $985,000 against Devine and in favor of Redmond. Soon thereafter, Devine, as part of a settlement agreement, assigned any right he had (with regard to bringing a bad-faith, failure-to-defend action against his insurer, Comet) to Redmond. Redmond then instituted a separate and direct bad-faith action against Comet (Redmond, as Devine's assignee, v. Comet) seeking enforcement of the $985,000 default judgment rendered in favor of Redmond and against Devine, Comet's insured.

Comet became involved in this dispute following the entry of the default judgment against Devine. Upon learning of the default judgment, Comet immediately requested the trial court to allow Comet to intervene in the Redmond v. Devine lawsuit and, in addition, to set aside the $985,000 default judgment previously rendered against Devine. After a hearing on the matter, the trial court granted both of Comet's requests.

Redmond now brings this appeal. Redmond contends: (1) that the trial court erred in granting Comet's petition to intervene in the Redmond v. Devine lawsuit, and (2) that the trial court abused its discretion when it set aside the $985,000 default judgment previously rendered against Devine, Comet's insured.

BACKGROUND

This dispute has its origin in an accident that occurred on December 25, 1981. On that date, Redmond was driving along U.S. Route 6 in Cook County. He lost control of his vehicle and struck a car being driven by Latifah Bedwan. Following this collision, Redmond's vehicle rested perpendicular to the flow of traffic on Route 6. In other words, when Redmond's vehicle came to rest after the accident, his vehicle faced north and south, whereas traffic on Route 6 was traveling east and west. Thus, Redmond's vehicle rested directly in the path of oncoming traffic.

This accident, however, produced no recognizable damage to ei-

ther Redmond's or Bedwan's vehicle. That being the case, the two agreed not to call the police and to forget the incident.

While the discussion between Redmond and Bedwan was taking place, Devine approached the scene of the accident in his vehicle. Because the speed limit on Route 6 is 55 miles per hour, and because Devine could not apparently see any parking lights operating on Redmond's vehicle (in light of the fact that Redmond's car was resting perpendicular to the flow of traffic), Devine collided with Redmond's parked vehicle causing Redmond to suffer serious physical injuries.

On April 22, 1982, Bedwan filed suit against Devine. On June 22, 1982, Redmond also filed suit against Devine.

According to Comet, Devine never forwarded a copy of either the Bedwan complaint or the Redmond complaint to Comet. When Comet finally did learn of the Bedwan lawsuit (by receiving a property subrogation claim from Bedwan's insurer), Comet sent an investigator to talk with Devine. During his discussion with Comet's investigator, Devine never revealed the existence of the Redmond lawsuit. In addition, Redmond met with Comet's attorneys several times from August 1983 to October 1983 to discuss the Bedwan case. Devine failed to inform Comet's attorneys that Redmond had been involved in the accident and failed to disclose that he had been sued by Redmond during those meetings. The Bedwan lawsuit was ultimately settled.

With regard to the Redmond lawsuit, however, Devine failed to answer, appear, and/or defend against it. That being the case, on April 27, 1983, the trial court entered a default order against Devine and in favor of Redmond. Following a prove-up hearing on May 26, 1983, the trial court entered a default judgment in favor of Redmond of $985,000.

Soon thereafter, on September 23, 1983, Devine signed a document entitled "Assignment of Rights v. Comet Casualty Co." Through this document, Devine purported to assign to Redmond any and all rights that Devine might have with regard to seeking recovery against Comet for its alleged bad faith in failing to defend Devine against the Redmond lawsuit. Thus, Devine was released from any personal liability arising from the $985,000 default judgment in exchange for Redmond obtaining the right to sue Comet (for its alleged failure to defend Devine) as Devine's assignee.

Comet claims that it first learned of the Redmond lawsuit on March 13, 1984, when Redmond, as Devine's assignee, brought a bad-faith action against Comet. Upon learning of the default judgment, Comet attempted to obtain Devine's assistance in getting the judgment set aside. Comet's efforts, however, were futile and on January

17, 1985, Comet filed its petition to intervene (pursuant to Ill. Rev. Stat. 1983, ch. 110, par. 2—408(a)). Comet claims that it was forced to seek intervention as a result of Devine's failure to cooperate with Comet's attorneys. At the same time, Comet filed a petition requesting the trial court to set aside the default judgment (pursuant to Ill. Rev. Stat. 1983, ch. 110, par. 2—1401) previously rendered against Devine.

In its petition, Comet alleges that the surrounding circumstances of the Redmond lawsuit indicate that Devine was in collusion with Redmond's attorneys. Specifically, Comet points out that Devine has admitted that Comet never acknowledged receipt of any papers regarding the Redmond lawsuit, that Devine never phoned Comet about the Redmond lawsuit, and that Devine never sent Comet a copy of the attorney's lien served upon him by Redmond's attorneys. Comet also contends that Devine hired a private attorney following his receipt of the Redmond lawsuit and that correspondence between Devine's private attorney and Redmond's attorney suggest that the ultimate goal was always to go after Comet, rather than Devine. The motive for Devine's "siding with plaintiff," according to Comet, is the fact that Devine only carried limits of $15,000/30,000 liability insurance with Comet and that Redmond's injuries were such that Comet would immediately tender the entire amount and thereby relinquish its obligations under the insurance contract. By obtaining a default judgment first, and then pursuing the bad-faith action, Comet contends that Redmond's attorney was actually attempting to bolster Comet's ultimate liability.

In addition, Comet contends that the attorney representing Redmond is an experienced plaintiff's lawyer. Comet points out that even though Redmond's attorney knew of Comet's existence from the start (Redmond's attorney had sent an investigator to meet with Devine following the accident and Devine disclosed during that meeting that he carried auto liability insurance with Comet), nevertheless, Redmond's attorney failed to serve Comet with an attorney's lien, a copy of the summons or complaint, notice of the default hearing, notice of the default judgment hearing, or any notice of the citation to discover assets.

Attached to Comet's petition were the affidavits of Melvin Raucher and Jerome McSherry along with many documents.

Raucher stated that he was an officer of Comet. He further stated that Comet never received notice of the Redmond lawsuit. Raucher also claimed that Devine had failed to list Redmond as one of the parties involved in the accident when Devine filled out an accident report

form for Comet.

McSherry is one of the attorneys who represented Comet in the Bedwan lawsuit. McSherry stated that he met personally with Devine on several different dates during 1983. McSherry further stated that throughout his meetings with Devine, Devine never informed McSherry of the pending Redmond lawsuit.

The documents attached to Comet's petition outlined Comet's repeated attempts to contact Devine as well as the attorney's lien served upon Devine on July 20, 1982, by Bedwan's attorney. Other documents supported Comet's contention that Devine never forwarded any papers regarding the Redmond lawsuit to Comet and that Comet first learned of the Redmond action only after the trial court had entered the $985,000 default judgment against Devine.

After a full hearing on the matter, the trial court granted both of Comet's requests and thereby allowed Comet to intervene in the *Redmond v. Devine* action. In addition, the trial court found that justice and fairness, along with an absence of prejudice to Redmond, warranted setting aside the $985,000 default judgment entered in favor of Redmond and against Devine.

Redmond now brings this appeal.

OPINION

I

■■ We first address Redmond's claim that the trial court erred in permitting Comet to intervene 20 months after final judgment had been entered in favor of Redmond and against Devine, Comet's insured. It is Redmond's position that intervention should be permitted only in those situations in which intervention "is the *only way* to protect the rights of the intervenor." Redmond further asserts that Comet can raise its breach-of-policy defenses (such as Devine's failure to notify and cooperate with Comet) in the action currently pending in the trial court (Redmond, as Devine's assignee, v. Comet). As a result, permitting Comet to intervene in the original action (wherein default judgment was rendered in favor of Redmond and against Devine) is unnecessary.

Comet, on the other hand, contends that it has the right to intervene under section 2—408(a)(2) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—408(a)(2)). Comet claims that there are material issues of fact concerning the liability of Devine, its insured, with regard to the accident resulting in Redmond's injuries. Comet points out that in the lawsuit currently pending in the trial

court, the issue of Devine's liability cannot be raised in light of the standing default judgment. Consequently, Comet argues that intervention is necessary so that the key question, namely, whether Devine's negligence caused Redmond's injuries, can be properly determined by a jury. Comet further contends that it meets the two requirements of the Illinois intervention statute, namely, (1) that Comet's interests are not being adequately protected by Devine, and (2) that Comet will, in light of the insurance policy it issued to Devine, be bound by any judgment rendered against Devine in the Redmond action.

Under Illinois law, intervention as of right is permitted when the representation of the applicant's interests by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree, or order rendered in the action. (Ill. Rev. Stat. 1985, ch. 110, par. 2—408(a)(2); *Safeway Insurance Co. v. Harvey* (1976), 36 Ill. App. 3d 388, 343 N.E.2d 679.) The applicant can establish inadequate representation by showing that his interest in the case is different from that of the party representing him or that the representation party was ineffective in the defense of the action. (*Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 362 N.E.2d 382.) An applicant "will or may be bound by a judgment" when he stands to gain or lose by direct legal operation and effect of the judgment. (*Harris Trust & Savings Bank v. Duggan* (1982), 105 Ill. App. 3d 839, 435 N.E.2d 130.) The allegations of an applicant's petition to intervene are to be taken as true in determining whether the interests of the applicant are sufficient. (*Bishop v. Village of Brookfield* (1981), 99 Ill. App. 3d 483, 425 N.E.2d 1113.) Illinois' intervention statute is remedial in nature and should be construed liberally. (*Adams v. County of Cook* (1980), 86 Ill. App. 3d 68, 407 N.E.2d 1018.) In addition, intervention will be granted after judgment where it is necessary to protect the rights of the applicant. (*People ex rel. Scott v. Illinois Protestant Children's Home, Inc.* (1981), 95 Ill. App. 3d 552, 420 N.E.2d 448.) Finally, intervention is a matter within the sound discretion of the trial court, and its decision will not be disturbed absent a clear abuse of discretion. *University Square, Ltd. v. City of Chicago* (1979), 73 Ill. App. 3d 872, 392 N.E.2d 136.

■ Applying the above-cited standards to the case at bar, we believe the trial court properly permitted Comet to intervene in the lawsuit brought by Redmond against Devine, Comet's insured. Comet's petition to intervene satisfies the requirements of the Illinois intervention statute.

First, it is clear that Devine has failed, and perhaps will fail, to properly protect the interests of Comet. Devine has refused to return

Comet's calls, has refused to complete accident questionnaires tendered to him by Comet, and failed to inform Comet's attorneys of the Redmond action during the three-month period (from August 1983 to October 1983) in which he met with Comet's attorneys regarding the Bedwan lawsuit. In addition, Devine admits that he has hired private counsel and that in doing so, Devine's goal was to protect his, as opposed to Comet's, interests. Based on these events, we agree with the trial court that Devine's interests are different than Comet's and that Devine's representation and defense of Comet with regard to the lawsuit brought by Redmond was inadequate.

Secondly, it is evident that Comet "may or will be bound" by any judgment that might be levied in the Redmond lawsuit for the insurance policy Comet issued to Devine covers actions of the type brought by Redmond. While there may be situations where an insurance company should not be permitted to intervene (see, *e.g.*, *Home Insurance Co. v. Lorelei Restaurant Co.* (1980), 83 Ill. App. 3d 1083, 404 N.E.2d 895), we believe that in light of the circumstances involved in this case, Comet should be permitted to intervene. Finally, although Redmond contends that Comet's petition to intervene was not filed in a timely manner, intervention after the default judgment was the only true means through which Comet can protect its rights.

Accordingly, we agree with the trial court that Comet should be permitted to intervene in the lawsuit brought by Redmond and against Devine as a result of the December 25, 1981, auto accident.

## II

■ Redmond next contends that even if the trial court did not abuse its discretion in permitting Comet to intervene, nevertheless, the trial court erred in granting Comet's section 2—1401 petition to set aside the default judgment. Redmond asserts that in order to obtain post-judgment relief (pursuant to section 2—1401, Ill. Rev. Stat. 1983, ch. 110, par. 2—1401), Comet must prove, by a preponderance of the evidence, that: (1) Devine has a meritorious defense (that was not brought to the trial court's attention), and (2) that Devine had exercised due diligence in defending the action. Redmond points out that Comet's section 2—1401 petition failed to include an affidavit from Devine. Consequently, according to Redmond, Comet cannot meet its burden (regarding the meritorious defense and the exercise of due diligence) for without Devine's affidavit, Comet's petition contains nothing more than "lawyer's speculation." It is Redmond's position, therefore, that without an affidavit from Devine, Comet's section 2—1401 petition is fatally defective.

As a preliminary matter, Comet, as an intervenor, is entitled to all of the rights of an original party. (See Ill. Rev. Stat. 1983, ch. 110, par. 2—408(f).) Thus, provided Comet can meet the requirements of section 2—1401, it can seek to set aside, just as Devine could, the default judgment.

■■ The purpose of section 2—1401 is to bring facts not of record to the attention of the trial court which, if known by the trial court at the time judgment was entered, would have prevented its rendition. (*Davis v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 987, 403 N.E.2d 615.) The petition invokes the equitable powers of the court (*Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116) and is primarily concerned with the prevention of injustice (*Department of Public Works & Buildings v. Vogt* (1977), 51 Ill. App. 3d 770, 366 N.E.2d 310). The section should be construed liberally, and relief from a prior judgment will be granted where the petitioner shows a reasonable excuse for failure to act within the appropriate time and a meritorious defense. (*Uptown Federal Savings & Loan Association v. Kotsiopoulos* (1982), 105 Ill. App. 3d 444, 434 N.E.2d 476.) A petition pursuant to section 2—1401 should not be dismissed unless it clearly appears that no set of facts could be proved which would entitle the petitioner to relief. (*Uptown Federal Savings & Loan Association v. Kotsiopoulos* (1982), 105 Ill. App. 3d 444, 434 N.E.2d 476.) In addition, a petition for post-judgment relief addresses the sound discretion of the trial court and a court of review will not interfere with the trial court's determination absent an abuse of discretion. *Ambassador Insurance Co. v. Wilson* (1978), 65 Ill. App. 3d 418, 382 N.E.2d 605.

■ Applying the standards set forth above to the case at bar, we agree with the trial court that Comet's section 2—1401 petition should be allowed. In its section 2—1401 petition, Comet asserts that there were defenses available to Devine that were not brought to the trial court's attention. Specifically, Comet points to an accident report (prepared by police arriving on the scene) which described the surrounding circumstances of the accident and how Redmond had allegedly allowed his car to remain perpendicular to oncoming traffic while he conversed with Bedwan. Comet further claims that by leaving his car in the path of oncoming traffic, Redmond was negligent, for those approaching Redmond's vehicle were unable to see any type of warning lights (the car's lights faced away from the flow of traffic). Consequently, Comet argues that at the very least, Redmond was contributorily negligent and that such negligence constitutes a defense that was never brought to the trial court's attention. We agree with Comet's position and, in light of the fact that we must accept the allega-

tions in its petition as true (*Uptown Federal Savings & Loan Association v. Kotsiopoulos* (1982), 105 Ill. App. 3d 444, 434 N.E.2d 476), we believe that Comet has pleaded a meritorious defense.

It also appears that Comet was diligent in defending the lawsuit brought by Redmond. Comet claims it discovered the existence of the Redmond lawsuit on March 13, 1984, and that in the months following, it attempted to obtain Devine's assistance in vacating the default judgment previously rendered against Devine on May 26, 1983. After determining that Devine was going to remain uncooperative, Comet filed its petition to intervene with the trial court on January 17, 1985. We cannot find error with the trial court's judgment that Comet has been diligent based on these facts.

■ With regard to Redmond's contention that an affidavit from Devine is a necessary prerequisite to Comet obtaining relief under section 2–1401, Redmond is simply mistaken. All that is required by section 2–1401 is that the petition be supported by "affidavit or other appropriate showing as to matters not of record." (Ill. Rev. Stat. 1983, ch. 110, par. 2–1401(b).) Under established case law, it is the *petitioner* who must demonstrate a meritorious defense and it is the *petitioner* who must show due diligence in order to meet the requirements of section 2–1401. (See, *e.g., National Industries Inc. v. Howard* (1977), 54 Ill. App. 3d 416, 369 N.E.2d 597.) Since Comet is the petitioner in the present case, the key question is whether Comet, rather than Devine, has met the requirements of section 2–1401. As discussed above, we find that Comet's section 2–1401 petition contains allegations and evidence sufficient to support setting aside the previously rendered default judgment.

CONCLUSION

Accordingly, for the reasons set forth above, we affirm the order of the trial court permitting Comet to intervene in the case of Redmond v. Devine and, in addition, we affirm the trial court's decision to set aside the default judgment previously rendered against Devine in that lawsuit.

Affirmed.

McMORROW, P.J., and JIGANTI, J., concur.