668 N.E.2d 1073 (1996)
282 Ill. App.3d 684
218 Ill.Dec. 241
In re PETITION FOR SUBMITTAL OF the QUESTION OF ANNEXATION TO the CORPORATE AUTHORITIES OF the CITY OF JOLIET (Richard J. Kennedy, et al., Petitioners-Appellants,
v.
Amerifed Federal Savings Bank, as Trustee, Objector-Appellee (City of Joliet, an Illinois Municipal Corporation, Intervenor-Appellant)).
Nos. 3-95-0924, 3-95-0950.
Appellate Court of Illinois, Third District.
July 15, 1996.
*1074 Daniel L. Kennedy (argued), Joliet, for Jennifer L. Cote, Robert Cote, George C. Johnson, Jr., Daniel L. Kennedy, Raymond J. Kennedy, Richard J. Kennedy, Virginia Kennedy, Raynice Kennedy Topoloski, Raymond J. Kennedy, III, Raymond J. Kennedy, Jr., Elene K. Passas, Helen Passas, James Passas, Marge M. Passas, Marina Passas, Peter Passas, Steve G. Passas, Anne M. Peceniak, George R. Peterson, Rayene J. Peterson, Sophie Ann Peterson, Elizabeth Price, Glenn L. Schedeen, Lillian J. Schedeen, Donald Siefert, Dorothy Siefert, John F. Tezak, Suzanne Tezak, Marietta O. Walsh, Lawrence J. Williams.
Thomas A. Thanas, City Legal Department, Jeffrey Plyman (argued), Assistant Corporation Counsel, City of Joliet, Joliet, for City of Joliet.
Thomas J. Gilbert, Gilbert & Schoenstedt, Christian G. Spesia, Douglas F. Spesia (argued), Spesia, Ayers, Ardaugh & Wunderlich, Joliet, for Amerifed Federal Savings Bank.
Steven Troy, Mason, Orloff, Reich, Troy & Thanas, Joliet.
Justice McCUSKEY delivered the opinion of the court:
The petitioners, alleged to be a majority of the landowners of an approximately 1,000 acre tract of land and a majority of the electors residing on the property, filed a petition seeking to annex the property to the City of Joliet (City). The City was allowed to intervene in the action, and various objections were filed. Approximately five years after the petition was filed, the trial court dismissed the petition on the grounds of abandonment. The petitioners and the City appeal.
The sole issue raised on appeal is whether the trial court erred in dismissing the petition. *1075 We conclude that the facts in this case do not support a finding of abandonment. Accordingly, we reverse the trial court's order dismissing the petition. As a result, the cause is remanded for further proceedings regarding the petition.

FACTS
On July 30, 1990, the annexation petition was filed. In August 1990, objections to the petition were filed by: (1) Vivian Buck, Joan Harvey and the City of Lockport (Lockport); (2) Amerifed Federal Savings Bank, as trustee of a land trust (Amerifed); and (3) Homer Township, Homer Township Fire Protection District, New Lenox Fire Protection District and various trustees of the two fire protection districts. The City filed a petition to intervene in the action. None of the objectors opposed the City's petition, and it was granted on September 4, 1990.
On October 16, 1990, the trial court granted the petitioners' motions to dismiss the objections of Homer Township, the two fire protection districts and their trustees. On January 15, 1991, an agreed order was entered continuing the matter to March 13, 1991. The record shows that no hearing was held on that date.
A status hearing was held on September 16, 1994. An attorney for the City appeared at the hearing. On November 23, 1994, Amerifed's attorney, Doug Spesia (Spesia), filed a motion to strike and dismiss the petition pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 1994)). Spesia and other attorneys in his firm represented Amerifed in the trial court and also represent Amerifed in this appeal. On January 13, 1995, the City filed a response to Amerifed's motion to dismiss.
On February 8, 1995, an order was entered granting the motions of Vivian Buck, Joan Harvey and Lockport to withdraw their objections. At that point, Amerifed was the only remaining objector. On March 7, 1995, the court denied Amerifed's motion to strike and dismiss.
On August 5, 1995, on motion of the City, the court set the petition for a hearing on November 14, 1995. On September 1, 1995, Spesia, on behalf of Amerifed, filed a second motion to dismiss, this one pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 1994)). Amerifed alleged that the petitioners abandoned their petition by inaction and unreasonable delay.
In its memorandum of law in support of its motion, Amerifed stated that five other annexation petitions involving portions of the same property had been filed in August and September 1990. Two of the petitions sought annexation to Lockport. Three petitions, including one filed by Amerifed, sought annexation to the Village of New Lenox (New Lenox). Amerifed's petition to annex 3.46 acres to New Lenox was filed August 21, 1990. Amerifed argued that the petitioners lost priority over the subsequent petitions because they had done nothing in support of their petition since 1990.
On September 27, 1995, the petitioners and the City filed a response to the motion to dismiss. They stated that the reason for the delay in court proceedings was the fact that good faith settlement efforts were ongoing with New Lenox until negotiations broke down in November 1994. They also stated that good faith settlement efforts were ongoing with Lockport until January 1995. These negotiations were successful and resulted in the withdrawal of the objections of Lockport, Vivian Buck and Joan Harvey.
The petitioners and the City attached the affidavit of John Mezera, City manager, and 37 exhibits to their response. The exhibits included maps, letters, memos, City council minutes, proposed agreements with New Lenox regarding the property to be annexed and the services to be provided, as well as revised proposed agreements. A March 29, 1994, letter from Russ Loebe, village administrator of New Lenox, stated that New Lenox "has conceptually agreed to an intergovernmental boundary agreement" and asked that certain provisions be incorporated into the agreement. Letters from Loebe dated May 26, 1994, and July 25, 1994, referred to the involvement of Spesia in the negotiations between the City and New Lenox. The exhibits also include a June 22, 1994, letter from the City's corporate counsel to Spesia regarding Spesia's representation of New *1076 Lenox in the negotiations. The last exhibit was a November 28, 1994, memo from the City's manager to the mayor and City council. It stated that, in spite of a previous tentative agreement, New Lenox had decided not to enter into a boundary and service agreement.
On October 27, 1995, Amerifed filed a reply. It argued that the petitioners had deserted the petition and the City's actions could not be considered. The reply contended that the City was expressly prohibited from annexing the property itself. It noted that, under section 7-1-2(a) of the Illinois Municipal Code (Municipal Code) (65 ILCS 5/7-1-2(a) (West 1994)), the City could not annex property over 10 acres without the consent of the property's owner.
Amerifed filed several affidavits with its reply. The affidavit of Michael Garrelts stated that he was the sole beneficial owner of the 3.46 acres held in trust by Amerifed. He stated that his efforts to annex his property to New Lenox were frustrated by the petitioners' lengthy delay. The affidavits of John Warren, Joan Harvey and Vivian Buck stated that they owned property which exceeded 10 acres and did not agree to the annexation to the City.
Following a hearing, the trial court found that little was done to bring the cause to a resolution. The court also found that what occurred during the pendency of the case were attempts to settle the dispute between the City and two nonparties, New Lenox and Lockport. Based on these findings, the trial court determined that the petitioners had abandoned the cause of action. As a result, the court granted the motion to dismiss pursuant to section 2-619(a)(9) of the Code. The petitioners and the City each filed a timely notice of appeal. The two appeals were then consolidated for review by this court.

STANDARD OF REVIEW
The purpose of a motion to dismiss under section 2-619 of the Code is to afford litigants a means to dispose of issues of law and easily proved issues of fact at the outset of a case. Zedella v. Gibson, 165 Ill.2d 181, 185, 209 Ill.Dec. 27, 29, 650 N.E.2d 1000, 1002 (1995). Section 2-619(a)(9) allows for a dismissal when the claim asserted is barred by other affirmative matters that defeat the claim. 735 ILCS 5/2-619(a)(9) (West 1994); Zedella, 165 Ill.2d at 185, 209 Ill.Dec. at 29, 650 N.E.2d at 1002. In ruling on a section 2-619 motion to dismiss, the trial court may consider pleadings, depositions, affidavits (Zedella, 165 Ill.2d at 185, 209 Ill.Dec. at 29, 650 N.E.2d at 1002) and other evidence offered by the parties (see A.F.P. Enterprises, Inc. v. Crescent Pork, Inc., 243 Ill.App.3d 905, 912, 183 Ill.Dec. 356, 361, 611 N.E.2d 619, 624 (1993)).
The question on review is whether the existence of a genuine issue of material fact precludes the dismissal or, absent an issue of material fact, whether dismissal is proper as a matter of law. Zedella, 165 Ill.2d at 185-86, 209 Ill.Dec. at 29, 650 N.E.2d at 1002. The standard of review for a dismissal based on section 2-619 is de novo. Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 116, 189 Ill.Dec. 31, 34, 619 N.E.2d 732, 735 (1993).
Based on our review of the record, we find the facts in this case are essentially undisputed. We further find that the facts do not support the trial court's determination and the dismissal on the basis of abandonment was improper as a matter of law. Therefore, we reverse and remand.

ABANDONMENT
The general rule governing conflicting petitions to annex or incorporate the same tract of land is that the first to initiate an annexation petition is entitled to priority over the property against all other parties initiating a proceeding at a later date. In re Petition to Annex Certain Property to the City of Wood Dale, 244 Ill.App.3d 820, 827, 183 Ill.Dec. 343, 349, 611 N.E.2d 606, 612. (1993). Accordingly, multiple, overlapping annexation proceedings must be considered and completed in the order in which they were initiated. Wood Dale, 244 Ill.App.3d at 827, 183 Ill.Dec. at 349, 611 N.E.2d at 612. However, a party loses its right to priority if it is found to have abandoned its petition. *1077 Wood Dale, 244 Ill.App.3d at 828-29, 183 Ill.Dec. at 350-51, 611 N.E.2d at 613-14.
Abandonment has been found when a party takes no action on an annexation proceeding and frustrates the annexation plans of a neighboring community. See City of Countryside v. Village of La Grange, 24 Ill.2d 163, 167-68, 180 N.E.2d 488, 490 (1962); People ex rel. Village of Worth v. Ihde, 23 Ill.2d 63, 68, 177 N.E.2d 313, 315-16 (1961); In re Petition of Long Grove to Annex Certain Territory, 156 Ill.App.3d 1056, 1060-61, 109 Ill.Dec. 202, 204-05, 509 N.E.2d 1041, 1043-44 (1987). In both Countryside and Worth, our supreme court held that it was "inaction" regarding the annexation which caused a loss of priority. Countryside, 24 Ill.2d at 167-68, 180 N.E.2d at 490; Worth, 23 Ill.2d at 68, 177 N.E.2d at 315-16. Accordingly, a claim of abandonment may be defeated by evidence showing that actions were taken relating to the annexation petition. See People ex rel. Village of Buffalo Grove v. Village of Long Grove, 199 Ill. App.3d 395, 414, 145 Ill.Dec. 873, 885, 557 N.E.2d 643, 655 (1990); Village of Oak Lawn v. Village of Bridgeview, 92 Ill.App.2d 284, 287-88, 236 N.E.2d 293, 295 (1968).
In this case, the documents filed by the petitioners and the City show that active negotiations concerning the annexation of the subject property were ongoing from the time the annexation petition was filed until New Lenox decided not to enter into an agreement in November 1994. Activity relating to these negotiations took place during 1990, 1991, 1992, 1993 and 1994. Amerifed admits that negotiations took place between the City and New Lenox. In fact, the documents show that Spesia, one of Amerifed's attorneys, was actively involved in these negotiations.
After the negotiations broke off, the City successfully contested Amerifed's first motion to dismiss. Shortly after the motion was denied, the City set the petition for hearing.
Our review shows that the undisputed evidence presented by the petitioners and the City was sufficient to defeat Amerifed's claim of abandonment. The evidence does not show "inaction" but instead shows extensive actions were taken by the City relating to the annexation petition. Thus, we find no support in the record for the trial court's finding that little was done to bring the cause to a resolution.
Moreover, we find no support in the record for the trial court's conclusion that the City only attempted to settle the matter with nonparties, Lockport and New Lenox. Lockport did file an objection and was a party. In fact, the City's negotiations with Lockport were ultimately successful and resulted in the withdrawal of the objections of Lockport, Buck and Harvey.
In addition, it is difficult to consider New Lenox a "nonparty." The record shows that the interests of the party objector, Amerifed, and the interests of New Lenox were being represented by the same attorneys. At oral argument, Spesia acknowledged that these interests were "consistent."
Finally, it is particularly significant that Amerifed's interests were represented during the lengthy negotiations. Amerifed's active participation in the negotiations makes its argument unpersuasive. We do not accept Amerifed's claims that the petition was "abandoned" because of "inaction."

CITY'S ACTIONS AS INTERVENOR
Amerifed nevertheless argues that this court should ignore the actions taken by the City in furtherance of the annexation. Amerifed contends that we should only consider the inaction of the petitioners. We find this argument is without merit.
The basis of Amerifed's contention is section 7-1-2(a) of the Municipal Code. Section 7-1-2(a) provides that an annexation proceeding may be initiated by filing in the circuit court a written petition signed by a majority of the owners of land in the territory and a majority of the electors residing in the territory. 65 ILCS 5/7-1-2(a) (West 1994). The section also provides that a municipality may initiate proceedings by enacting an ordinance expressing its desire to annex the described property. However, the section states that, except for certain situations not relevant here, "[n]o tract of land in excess of 10 acres in area may be included in *1078 the ordinances of a municipality initiating the proceedings * * * without the express consent of the owner of the tract." 65 ILCS 5/7-1-2(a) (West 1994). Amerifed points out that the City could not have initiated these proceedings because several owners of tracts in excess of 10 acres did not expressly consent to annexation. Amerifed then concludes the City could not act on behalf of the petitioners to complete the annexation. Again, we do not agree with Amerifed's position.
The City was allowed to intervene in the action with no objection. The City obviously had an interest in annexing the property to the City. Therefore, its intervention was proper. See 735 ILCS 5/2-408(a)(2) (West 1994). Section 2-408(f) of the Code states that "[a]n intervenor shall have all the rights of an original party." 735 ILCS 5/2-408(f) (West 1994). As a result, an intervenor can take any action the plaintiff would be entitled to do, even if the plaintiff does not do so. See Redmond v. Devine, 152 Ill.App.3d 68, 76, 105 Ill.Dec. 269, 274, 504 N.E.2d 138, 143 (1987).
We agree with Amerifed that the City could not have enacted an ordinance to annex this property. See In re Petition of Village of Kildeer to Annex Certain Territory, 124 Ill.2d 533, 546-47, 125 Ill.Dec. 333, 339, 530 N.E.2d 491, 497 (1988). However, that is not what occurred here. Instead, a petition was properly filed by the petitioners, a majority of landowners and electors, seeking to annex the property to the City. The City then acted in its capacity as an intervenor to attempt to complete the annexation. Consequently, we conclude that the City's actions on behalf of its interests and the identical interests of the petitioners must be considered by the trial court in making its determination. From our review of the record, we hold that the petitioners cannot be found to have abandoned the petition because the City was actively working to complete the annexation.
For the reasons indicated, we conclude that the trial court improperly dismissed the petition on the grounds of abandonment. Accordingly, we reverse the judgment of the circuit court of Will County and remand the cause for further proceedings regarding the petition.
Reversed and remanded.
LYTTON and MICHELA, JJ., concur.